CITY OF FAYETTE, Plaintiff in Error, v. SHAFROTH, Defendant in Error.

1. The act incorporating the city of Fayette confers upon the mayor thereof the same jurisdiction, in cases arising in said city, that justices of the peace have in their respective townships; (Sess. Acts, 1855, Adj. Sess. p. 212, sec. 11;) he can not entertain jurisdiction of an action for a penalty exceeding ninety dollars imposed by an ordinance of said city.

*Error to Howard Circuit Court.*

This was a prosecution instituted in the name of the " City of Fayette," before the mayor of said city, against John Shafroth, for violations of an ordinance of said city " to regulate the liquor traffic." The complaint, or rather one of the complaints, is in the following form :

" December 26, 1856. John Shafroth to the City of Fayette, Dr. To one hundred dollars for violation of the first section of an ordinance of said city, entitled ' An ordinance to regulate the liquor traffic,' in this, to-wit : that he sold to Mr. A. B. one gallon of brandy, on or about the 20th day of December, 1856, within the corporate limits of said city. [Signed] W. W. M., City Constable."

There were two other complaints alleging violations of the same ordinance, one hundred dollars being claimed in each. Judgment was rendered against the defendant for $100 and costs, in all $110. An appeal was taken to the circuit court. In the circuit court the defendant moved the court to dismiss the proceedings because the mayor had no jurisdiction thereof, and because the amount claimed exceeded his jurisdiction. The court overruled the motion.

Certain ordinances of the city of Fayette were offered in evidence on the part of plaintiff. The defendant objected to their introduction, on the ground that the suit was brought in the name of the City of Fayette and not in the name of " The Mayor, Councilmen and Citizens of the city of Fayette," as required by the charter. The objection was sustained. The plaintiff offered to amend by inserting the

" Mayor, Councilmen and Citizens of the City of Fayette," in lieu of " The City of Fayette," wherever the latter name occurred. The court refused to allow the amendment. Plaintiff took a nonsuit with leave to move to set the same aside.

*Williams, Gardenhire* and *Morrow,* for plaintiff in error.

*Prewitt,* for defendant in error.

I. The suit is in the wrong name (see Sess. Acts, 1855, p. 210 ; Section 1 of Charter ; 4 Iredell Eq. 195), and can not be amended in the circuit court ; (Kraft's Adm'r v. Hurtz & Jungk, 11 Mo. 111 ; Flemm v. Whitmore, 23 Mo. 430.)

II. The mayor has the same jurisdiction as a justice of the peace. (Charter ; Sess. Acts, 1855, Adj. Sess. p. 212, § 11.) This exceeds a justice's jurisdiction. (2 R. C. 1855, p. 925.) Plaintiff can not remit the excess in the circuit court. (2 Mo. 13 ; Robnell v. Nuren, 9 Mo. 246 ; Batchelor v. Bess, 22 Mo. 402) ; nor can consent before the justice confer jurisdiction. (Stone v. Corbett, 20 Mo. 350.)

III. The courts of the country are the proper forums to recover penalties for the breach of any ordinance of a corporation (Angel & Ames on Corp. 304) ; and a jurisdiction having been conferred on the mayor and limited by express provision of the charter, the power can not be implied in the city to confer a greater jurisdiction. If the legislature had intended to authorize the city to erect any court to try offenders against her ordinances, it would not have been left to implication. Corporate powers are strictly construed. (2 Kent, Com. 299 ; 9 Mo. 502.) More especially ought not the power to be implied to confer unlimited jurisdiction on the mayor, who is a party to the suit when properly brought. (Broom's Legal Maxims, 109 ; 1 Thomas' Coke, side page, 15 ; Wilcock on Corp. 86, 91.)

IV. The mayor can have no jurisdiction, because he is the executive (Charter, § 10,) and part of the law-making power, (§ 6, 13, 18 and 19,) and the offices are incompatible. (Constitution of Missouri, article 2 ; State v. Stutt, 2 Ark. 282 ;

City of Fayette v. Shafroth.

State Bank v. Curran, 5 Eng. 142 ; 3 Greenl. 484 ; Bamford v. Melvin, 7 Greenl. 17 ; 2 Dallas, 409 ; 13 How. 44 ; State v. Fry, 4 Mo. 120 ; 12 Mo. 498.)

SCOTT, Judge, delivered the opinion of the court.

The 11th section of the act to incorporate the city of Fayette, approved December 7th, 1855, provides that the mayor shall be, *ex officio,* a justice of the peace within and for the city, and shall have the same jurisdiction, in all cases in the city, as justices of the peace have in their respective townships. Among other things, the first and second sections of the first article of the act establishing justices' courts and regulating proceedings therein declares that " every justice of the peace is authorized to hold a court for the trial of all actions for any penalty not exceeding ninety dollars, given by any statute of this state." These sections clearly show that, except in actions on bonds and notes, the legislature intended that justices of the peace should not entertain jurisdiction in any other cases, where the amount in controversy, exclusive of interest, exceeded ninety dollars. The penalty here sought to be recovered is for the sum of one hundred dollars. Under the charter the corporate authorities had no authority to enlarge the jurisdiction of the mayor beyond the sum fixed by that instrument.

The charter is to the corporate authorities what the state constitution is to the general assembly. As a law against the constitution is void, so an ordinance of a corporation against the provisions of its charter is of no validity. Judge Ryland concurring, judgment affirmed ; Judge Leonard absent.*

* LEONARD, Judge, by reason of indisposition, was necessarily absent during this term.