WILLIS, Plaintiff in Error, v. CITY OF BOONVILLE, Defendant in Error.

1. The mayor and board of councilmen of the city of Boonville have power, under the charter of said city, by ordinance to provide for "licensing, taxing and regulating auctions;" they may prohibit persons from exercising the business of auctioneers without license by such fines and penalties as they may think proper, although the same should exceed ninety dollars.
2. The mayor of the city of Boonville has jurisdiction over all cases arising under the charter and the ordinances of said city, although they should involve the assessment of a fine or penalty exceeding ninety dollars.

*Error to Cooper Circuit Court.*

This was an action in the nature of an action for money had and received against the city of Boonville by the corporate name and style of the "Mayor, councilmen and citizens of the city of Boonville." The plaintiff was arrested under a warrant by a constable of the city of Boonville for a violation of an ordinance of said city in relation to auctions, approved May 10, 1845. The following is the third section of said ordinance: "Sec. 3. Every person who shall exercise the trade or business of an auctioneer, by selling any goods or other property subject to a tax by law of this state regulating auctioneers, without a license, shall forfeit and pay to the use of the city, for every sale, not less than one hundred dollars, to be collected as other fines." The plaintiff was taken by the constable before the mayor, who imposed a fine of one hundred dollars. The mayor made out a fee bill for the amount of the fine and costs and handed it to the constable. The plaintiff paid said fine and costs, amounting to the sum of one hundred and four dollars and sixty cents. No execution was issued by the mayor. The circuit court admitted in evidence, against the objection of plaintiff, a transcript of the docket of the mayor, which stated that Willis, the plaintiff in this suit, confessed his guilt.

The court, at the instance of the defendant, gave the fol-

lowing instruction : " 1. If the jury believe from the evidence that the sum of one hundred and four dollars and sixty cents sued for by plaintiff is the amount of a certain fine or penalty imposed by the mayor of the city of Boonville on defendant for an alleged violation of an ordinance of said city ; that defendant had legal notice of said suit or proceeding before said mayor, and upon the rendition of judgment thereon paid off the same, amounting to the sum aforesaid, without any appeal or application for an appeal from said judgment, they must find for the defendant."

The court refused the following instructions asked by plaintiff: " 1. The jury are instructed that the ordinance of the city read in evidence and under which the fine was imposed on plaintiff was and is null and void, and conferred no authority on the mayor to impose said fine ; and if the jury believe from the evidence that the plaintiff was arrested by the constable of the city and compelled to pay said fine, then they will find for the plaintiff the amount so paid by him, and may allow interest thereon at the rate of six per cent. per annum from the time it was so paid. 2. The jury are instructed that if there was a judgment against the plaintiff rendered by the mayor of the city under the ordinance in question, and the amount of said judgment was collected by an officer of the city under the direction of the mayor, then the payment thereof by the plaintiff was not voluntary, and he is entitled to recover it back. 3. The ordinance of the city under which the fine was imposed was and is void, and conferred no authority upon the city or its officers to impose or collect said fine, and the plaintiff is entitled to recover the amount he paid to the city back again, and the jury will find their verdict for plaintiff for the amount so paid by him."

The plaintiff took a nonsuit, with leave, &c.

*Douglass & Hayden,* for plaintiff in error.

I. The jurisdiction of the mayor of the city of Boonville is limited. It is not the policy of the law to confer unlimited

jurisdiction upon inferior courts and magistrates. By the general law the jurisdiction of justices of the peace is limited. The legislature seems to have conferred upon the mayor only the jurisdiction of a justice of the peace. (Sess. Acts, 1839, p. 299, § 28.) By the act of February 15, 1841, (Sess. Acts, 1841, p. 306,) he is expressly made a justice of the peace. A justice of the peace can not try an action for any penalty exceeding ninety dollars given by any statute of this state. (R. C. 1855, p. 925, § 2.) The penalty imposed by the ordinance in this case is one hundred dollars. The corporate authorities had no power to enlarge the jurisdiction of the mayor beyond that of a justice of the peace. The ordinance is therefore void. (City of Fayette v. Shafroth, 25 Mo. 445; Harrison v. State, 10 Mo. 686; 9 Mo. 692.)

II. The imposition of the fine being illegal and the payment compulsory, it may be recovered back. (Elliott v. Swartwout, 10 Pet. 137; 4 Pick. 361; Preston v. City of Boston, 12 Pick. 7; Hearsy v. Buyn, 7 Johns. 179; Ripley v. Gelston, 9 Johns. 201; Irving v. Wilson, 4 D. & E. 480; Quinette v. Washington, 10 Mo. 55; Broom's Leg. Max. 195; 2 Smith, Lea. Cas. 324; Pickering v. Coleman, 12 N. H. 148.)

*Vest,* for defendant in error.

I. The mayor did not exceed his jurisdiction in imposing a fine of one hundred dollars. (Sess. Acts, 1839, p. 297, § 11; Sess. Acts, 1847, p. 183, § 3; Sess. Acts, 1841, p. 306.) The case of the City of Fayette v. Shafroth, 25 Mo. 447, is inapplicable to this. The charters are widely different. The ordinance is legal. The payment was voluntary and the plaintiff can not recover it back. The plaintiff did not appeal. No execution was issued. No defence was made. (Walker v. City of St. Louis, 15 Mo. 573; 20 Mo. 143; 10 Pet. 153; Chitty on Contracts, 190; 2 Smith, Leading Cas. 323; 25 Mo. 597; 1 Peters, 15.)

RICHARDSON, Judge, delivered the opinion of the court.

The eleventh section of the charter of the city of Boonville (Sess. Acts, 1839, p. 297) confers upon the mayor and board of councilmen the power to provide by ordinance "for licensing, taxing and regulating auctions;" and there can be no doubt about their authority to prohibit persons from exercising the business of auctioneers without license by such fines or penalties as they may think proper to impose. There is no limitation on the power; and no reason is perceived why the fine or penalty prescribed by the ordinance may not exceed ninety dollars.

The ordinance under which the plaintiff was fined fixed the penalty at not less than one hundred dollars, and the only question in the record is whether the mayor had jurisdiction of the case. This question seems to be conclusively answered by the third section of the act to amend the charter of Boonville, approved February 13, 1847, (Sess. Acts, 1847, p. 183,) which declares that "the mayor shall have exclusive original jurisdiction over all cases arising under the act of incorporation and upon all ordinances of the city." And if a prosecution had been commenced against the plaintiff in the circuit court for violating the ordinance regulating auctions, it could have been dismissed on the ground that the mayor had exclusive jurisdiction of the case.

Independent of the amendment of 1847, the jurisdiction of the mayor would be sustained. The twenty-eighth section of the original charter provides that "the mayor, and each justice of the peace within the city, shall have jurisdiction of all cases arising under the act of incorporation and under the ordinances of the city, subject to an appeal, in all cases above the sum of five dollars, to the circuit court." By this section the jurisdiction is coördinate, which is afterwards made exclusive; and though justices of the peace, by the general law, had not then nor since jurisdiction in actions to recover penalties, exceeding ninety dollars, given by any statute of the state, the legislature had the power to confer

a greater jurisdiction on justices of the peace in Boonville. The act of February, 1841 (Sess. Acts, 1841, p. 306,) instead of limiting, clearly enlarges the jurisdiction of the mayor. Before that time he could only take cognizance of cases arising under the charter and ordinances of the city, but by the act of 1841 he was clothed with the same jurisdiction as justices of the peace in all civil cases. The case of the city of Fayette v. Shafroth, 25 Mo. 445, is unlike this one. There the charter of Fayette only gave the mayor the same jurisdiction, in all cases, in the city, as justices of the peace have in their respective townships. But, in Boonville, the mayor has not only concurrent jurisdiction with justices of the peace in all civil cases, but exclusive original jurisdiction, without regard to the amount, " over all cases arising under the act of incorporation and upon all ordinances of the city."

The other judges concurring, the judgment will be affirmed.