THE STATE v. JUMP, *Appellant.*

1.  **Criminal Law** : ASSAULT WITH INTENT TO KILL : ASSAULTING PER-
    SON NOT INTENDED.   One who threw a stone at another and struck
    a third person not intended, held rightly convicted of assault with
    intent to kill the latter.

2.  **Practice** : INSTRUCTIONS.   It is not error to refuse instructions
    where those already given correctly declare the whole law applica-
    ble to the case.

*Appeal from Polk Circuit Court.*—HON. BEN. V.
              ALTON, Judge.

AFFIRMED.

*Knox & Emerson* for appellant.

*B. G. Boone*, Attorney General, for the state.

HENRY, C. J.—The defendant was indicted at the
April term, 1884, of the Polk circuit court, for an assault
upon J. W. Martin, with intent to kill.   He was tried
and convicted at the October term, 1884, and his punish-
ment assessed at a fine of one hundred dollars, and three
months imprisonment in the county jail.   From that
judgment he has appealed to this court.

The evidence is not preserved in the bill of excep-
tions, but it is only stated therein what it tended to
prove.   Jump, Mitchell, and Martin were returning
home from church, when Jump and Mitchell engaged in
a quarrel.   Martin interfered and stopped the quarrel.
Very soon afterwards it was renewed, and Jump picked
up a large rock, and, throwing it at Mitchell, whom it
missed, struck Martin on the head inflicting a serious
wound.   Martin and Jump were friends.   The testimony
on the part of defendant, tended to prove that he and

Mitchell had not been on good terms with each other; that Mitchell had made threats against Jump; that after Martin had stopped the quarrel between them, as before stated, defendant started home, when Mitchell broke loose from those who held him, and with oaths and in an angry manner advanced towards Jump, who threw the rock while Mitchell was advancing upon him. The previous threats made by Mitchell against Jump's life had been communicated to Jump, and that, on the day of and preceding the difficulty between them, Mitchell was seen to put his open knife into his pocket.

The instructions given by the court to the jury, properly and fully declared the law in relation to the right of self-defence. And also with regard to threats made against defendant by Mitchell. Many asked by the defendant the court refused, and properly, because the instructions given by the court declared all the law applicable to the case. We have carefully examined the instructions and have discovered no fault in them.

Appellant's counsel has not furnished us with a brief in his behalf, and we have been compelled to search the record without such aid. If counsel think a cause of sufficient importance to appeal it to this court, and the errors committed by the lower court of sufficient magnitude to warrant a reversal of the judgment, he does not discharge his duty to his client if he fails to file an abstract and brief in the cause, and has no right to complain if this court overlooks some point upon which the judgment might have been reversed.

The judgment is affirmed.    All concur.