The State v. Ohmer.

---

THE STATE OF MISSOURI, Respondent, v. EDWARD H. OHMER, Appellant.

St. Louis Court of Appeals, February 5, 1886

1. **Criminal Law:** SELLING ON SUNDAY. The "articles of immediate necessity" which are made an exception in the statutory provisions against exposing to sale "any goods, wares, etc., on the first day of the week, commonly called Sunday," must be of a necessity that is imperious, and that could not reasonably have been foreseen or guarded against.

The State v. Ohmer.

2. **Criminal Law**: SELLING TOBACCO ON SUNDAY. It was not the legislative intent to include tobacco in the application of the words "drugs or medicines," which are permitted to be exposed to sale on Sunday. Nor is tobacco to be considered an article of food, and therefore within the exception extended to "provisions."

3. **Criminal Law**: ARTICLES OF NECESSITY. Even upon the supposition that tobacco is to be regarded as a necessity with persons addicted to the habitual use of it, this would be no answer to the charge of exposing the article to general sale on Sunday, without reference to the habits of purchasers.

4. **Criminal Law**: HOTELS AND RESTAURANTS. The law which forbids the selling of tobacco on Sunday cannot be· construed to exempt hotel or restaurant-keepers from its mandates, on the ground that such sales are within the line of their lawful occupations, and are required to supply the needs of their guests and customers.

*Appeal from the Hannibal Court of Common Pleas.*
Hon. Thomas H. Bacon, Judge.

Affirmed.

*Jeff. Orr* and *Thomas F. Gatts*, for the appellant.

Instruction number 2 given by the court to the jury on behalf of respondent was not the correct declaration of the law under the sections of the statute, upon which this prosecution was based. It took from the jury the right to find from the testimony, whether or not the goods sold by the respondent were articles of provisions, drugs or medicines, or other articles of immediate necessity. R. S., secs. 1581 and 1582. Instruction number 2 as given by the court on behalf of respondent and instruction number 2 as given by the court on behalf of the appellant are inconsistent with each other, contradictory, unintelligible, and calculated to mislead the jury. *State v. Laurie*, 1 Mo. App. 4 ; *Clark v. Kitchen,* 52 Mo. 316 ; *Young v. Ridenbaugh,* 67 Mo. 574 ; *Henchen v. O'Bannon*, 56 Mo. 289 ; *State v. Naunt,* 2 Mo. App. 295 ; *Goetz v. Railroad,* 50 Mo. 472.

Instruction number 2 given by the court on behalf of the respondent was improperly given by the court, for the reason that it submits a question of law to the jury without any explanation of the law involved. R. S. 1879, sec. 1582; *Hudson v. Railroad*, 53 Mo. 525. Instruction number 2, given to the jury by the court on behalf of appellant, is misleading, uncertain and not a proper declaration of law of the case. By the use of the words "immediate necessity," while certain goods may be sold on Sunday, before they could acquit the appellant, the jury must find that the purchase and sale of such goods was an "immediate necessity," when under section 1582, R. S. 1879, construing section 1581, no such requirement concerning the sale of drugs, medicines and provisions is made that of "immediate necessity." R. S. 1879, sec. 1582. It was an error on the part of the court in refusing to give to the jury the instructions asked on behalf of the appellant, as said instructions would have fairly and plainly presented the law of this case to the jury, and not have left the jury in doubt as to what the court meant, nor left them to conjecture their meaning. *Carver v. State*, 69 Ind. 61, 35 Am. Rep. 215.

*Harrison & Mahan*, for the respondent.

In exposing his goods and wares to sale on Sunday in the usual and ordinary way, by conducting his cigar business as he did during the week, appellant violated the law, and the verdict of the jury against him was just and proper, and should be sustained. R. S. 1879, sec. 1581; *State v. Ambs*, 20 Mo. 214; *State v. Sutton*, 24 Mo. 377; *State v. Crabtree*, 27 Mo. 232; *State v. Nations*, 75 Mo. 53. A law compelling the observance of Sunday as a day of rest has always been in force under our state government, the present statute having been passed in 1813, and continued in all the

Revisions to the present time. Geyer's Digest Terr. Laws of Mo. 426 ; *State v. Ambs*, 20 Mo. 214 ; *McPherson v. Village*, 114 Ill. 46 ; *Specht v. Commonwealth*, 8 Pa. St. 312 ; *Richmond v. Moore*, 107 Ill. 429 ; *Bloom v. Richards*, 2 Ohio St. 387 ; *Charleston v. Benjamin*, 2 Strob. (S. C.) 508.   It cannot fairly be contended that the word " provisions," as found in section 1582, R. S., was designed or intended by the law-making power to include tobacco in any form.   It can only be taken in its legal sense, and means food for man ; victuals. 2 Sharswood's Blackst. Comm., book 4, p. 162 ; 2 Bouv. L Dic. 391.   The words " articles of immediate necessity," as used in the same section, do not mean an absolute or physical necessity ; but an unforeseen necessity, or if foreseen, such as could not have reasonably been provided against.   *Flagg v. Inhab.*, 4 Cush. 243, 12 Abb. (N. C.) 458 ; *McGatrick v. Wason*, 4 Ohio St. 566 ; *Robson v. French*, 12 Metc. 24 ; *Burns v. Moore*, 76 Ala. 339 ; *Mueller v. State*, 76 Ind. 310 ; *Pearce v. Atwood*, 13 Mass. 350 ; *Hooper v. Edwards*, 18 Ala. 280 ; *Johnson v. Com.*, 22 Pa. St. 102 ; *Com. v. Nesbit*, 34 Pa. St. 398.   But if it were conceded that an appetite or craving creates a necessity, it does not appear from the evidence on behalf of appellant that any of his customers on that Sunday were suffering or bought for immediate use ; for all that is shown they may have made their purchases as a matter of convenience only, and in anticipation of future wants.   *Mueller v. State*, 76 Ind. 310.   It cannot be said that cigars are either a drug or medicine ; they are taken and used as luxuries, and as such luxuries they were by appellant exposed to sale on Sunday in the ordinary business way, none of his many customers claiming or pretending to have bought for medicinal purposes.   To "expose goods, wares and merchandise to sale on Sunday" is specifically denounced by act of the legislature, and appellant was guilty of an infraction of the law, if no sale had been made.   R. S.,

sec. 1581; *State v. Ambs*, 20 Mo. 214, 220; *Mueller v. State*, 76 Ind. 310. A cessation from exposing cigars to sale on Sunday does not close appellant's hotel or restaurant, but if hotel-keepers may maintain cigar-stands and sell therefrom on Sunday, and ordinary dealers, who do not keep hotel, cannot sell from their places of business, it is evident that users of tobacco and cigars will become Sunday customers of hotel cigar-stands, and there will result an odious and intolerable monopoly, which ought to condemn the interpretation of the law that leads to it. *Mueller v. State*, 40 Am. Rep. 245, 248. The instructions given by the court for respondent fairly presented the case on the information and evidence, and were not in any way prejudicial of appellant's rights. *City v. Cafferata*, 24 Mo. 94. The instructions given by the court, of its own motion, for appellant, were broad and liberal, and even more favorable than either the law or the evidence warranted. They fully covered the case on the pleadings and evidence, and the refusal of other instructions is not error. The instructions asked by appellant were not correct declarations of law, and were properly refused. *State v. Jump*, 90 Mo. 171; *State v. Elliott*, 90 Mo. 350; *State v. Floyd*, 15 Mo. 349; *Shaffner v. Leahy*, 21 Mo. App. 110; *Norton v. City*, 18 Mo. App. 457; *Kling v. City*, 27 Mo. App. 231.

BRIGGS, J., delivered the opinion of the court.

Defendant was proceeded against by information, in the Hannibal court of common pleas. The information was signed by the prosecuting attorney of the county, sworn to by a witness, and filed with the clerk of said court in vacation, on the twenty-second day of September, 1887. Defendant in the information was charged with having unlawfully and wrongfully exposed for sale goods, wares and merchandise, to-wit, cigars, in said city of Hannibal, on Sunday the eighteenth day of

September, 1887. There was a trial by jury, which resulted in the conviction of defendant.

Defendant was the proprietor of the Union Depot Hotel and Restaurant in the city of Hannibal. He admitted that he exposed cigars for sale on the day charged, and that he sold cigars on said day to his guests, patrons and customers. The evidence for the state tended to prove that on said day defendant sold cigars to all persons who applied to purchase, and that defendant did sell cigars on said day to persons other than guests of the house, and that defendant's cigar business was carried on in the same way on said day as during the other days of the week. There was no effort made to contradict this. Defendant introduced testimony tending to show that to those who had formed the habit of using tobacco and cigars, to them, tobacco and cigars were a necessity, and also some testimony having a slight tendency to prove that tobacco was an article of food and had some medicinal qualities. By this testimony defendant sought to bring his case within the exceptions mentioned in section 1582. Section 1581, R. S., provides, " that every person who shall expose to sale, any goods, wares, etc., * * * on the first day of the week, commonly called Sunday, shall be guilty of a misdemeanor," etc.

Section 1582, Revised Statutes, is as follows : " The last section shall not be construed to prevent the sale of any drugs or medicines, provisions or other articles of immediate necessity."

The defendant asked thirteen instructions, all of which were refused, and he complains of this. If the instructions that *were* given by the court fairly presented the whole law in the case to the jury, then the refusal of defendant's instructions was not error. *State v. Jump*, 90 Mo. 171.

The court gave the following instructions, to-wit :

The State v. Ohmer.

"1. If the jury find from the evidence that defendant, Edward H. Ohmer, did, in Mason township, Marion county, Missouri, within twelve months next before the twenty-second day of September, 1887, on the first day of the week, commonly called Sunday, unlawfully expose to sale certain goods, wares and merchandise, to-wit, cigars, the jury will find defendant guilty in manner and form as charged in the information, and assess his punishment at a fine not exceeding fifty dollars.

"2. The court instructs the jury that defendant is charged in the information with unlawfully exposing to sale certain goods, wares and merchandise, to-wit, cigars, on the first day of the week, commonly called Sunday, and although they may find from the evidence that defendant did sell an article or articles of immediate necessity at the time and place charged in information, still the jury will find defendant guilty in manner and form, as charged in the information, if the jury further find from the evidence that defendant did unlawfully expose to sale certain goods, wares and merchandise, to-wit, cigars, on the first day of the week, commonly called Sunday."

On behalf of the appellant, the court, of its own motion, instructed the jury as follows:

"1. The court instructs the jury that the sale of tobacco cannot be reduced to a plane with the sale of alcoholic intoxicants. Without a selling license, the sale of the latter, except for sacramental and medical purposes, is *per se* a wrongful act, while the sale of tobacco is never *per se* a wrongful act. But the sale of tobacco, like the sale of any other commodity, may be regulated by statute."

"The law against exposing for sale certain goods on Sunday is not a religious law any more than is the law against theft. The Sunday laws are founded solely on a wise public policy, wherein a seventh day stands like

a friendly shade-tree on life's highway, where the whole people, and likewise the brute creation, may obtain that rest which ages of experience have shown to be essential to the public good."

" On the other hand the process of the law is not to be perverted in the interest of religious fanaticism. Religion asks the punitory aid of no human law."

" 2.    The court instructs the jury that the information alleged the offense of the unlawful exposing of goods for sale on Sunday."

" Under a charge of unlawfully exposing goods for sale, a defendant, if convicted at all, may be convicted, although he made no sale whatever. This, on Sunday, shuts up all stores, takes in all portable store-signs and closes all store-windows, though it does not prevent sales of some goods in cases of immediate necessity."

" But this law does not, and the law of this land never did on Sunday shut up the cook-shops or victual-ing-houses. If from all the evidence, the jury find that the cigars alleged to have been exposed to sale were then and there materials in the nature of provisions, and were then and there articles of immediate necessity, and commonly and customarily kept in hotel-restaurants as and being a necessary element in such business, and further find that then and there the preventure of the exposing to sale of defendant's said cigars in defend-ant's hotel-restaurant on Sunday would tend to prevent his sale of said articles on Sunday, and further find that said cigars were kept in said restaurant along with certain victuals, which victuals were then and there kept solely for hotel-restaurant purposes, and not else-where or otherwise, and that said cigars were so kept solely as a part of said hotel-restaurant stock and solely in aid of and as a part of said business, then the jury will find the defendant not guilty."

" 3.    The burden of proof to establish the guilt of defendant devolves upon the state, and the law clothes

the defendant with a presumption of innocence, which attends and protects him until it is overcome by testimony which proves his guilt beyond a reasonable doubt."

"By a reasonable doubt is meant a substantial doubt based upon the evidence, and not a bare possibility of defendant's innocence."

"4. The court of its own motion instructs the jury that if, upon the evidence, and under the instructions in the case, the jury find that the defendant, intending to not violate the law, did nevertheless wilfully commit the specific act or acts hypothecated in plaintiff's instructions, such intent, however honest, will not acquit the defendant, if the jury find from the evidence that under and according to the instructions in this case (*sic*) were unlawful."

To the giving of said instructions the appellant, by his counsel, then and there at the time excepted.

The defense attempted to be made in this case involves the proper construction to be given the section of the statute referred to. The contention of defendant's counsel is, (1) "that tobacco is a drug or medicine;" (2) "that to persons addicted to its use, it becomes an article of food and one of immediate necessity." In section 1582, what is meant by "drugs or medicines, provisions or other articles of immediate necessity," is left to interpretation. Laws are necessarily adopted or enacted by the use of general words to declare the purpose of the law-making power. It is the duty and province of courts to determine by the words used the meaning and purpose of a law, and enforce the legislative design. The object of the statute under consideration was to close up all places of business and prevent ordinary traffic on Sunday. But the legislature did not intend that this law should apply to the sale of drugs or medicines, and for very obvious reasons; nor was it the intention of the legislature that this law

should apply to and prohibit the sale of articles of food or other necessary articles, when the necessity for the same was urgent and immediate. And we think that the "necessity," spoken of, must be of such a character that it could not reasonably have been foreseen or guarded against. To hold otherwise would result in the general sale of all kinds of food and any other articles of necessity on the Sabbath.

Defendant's first contention is that tobacco is a drug or medicine, and therefore the sale of cigars was not a violation of the Sunday law. In the construction of a statute, one of the general rules of interpretation is, "that words used in a statute will be construed with reference to their generally accepted meaning." *Dawson v. Dawson*, 23 Mo. App. 169.

A drug or medicine is a substance or commodity used as a remedy for disease. The use contemplated must be a general or primary one. There are a great many articles that, under certain circumstances · and conditions, may possess some medicinal properties, but they are not and cannot be classed as "drugs or medicines," as those words are generally used and understood. Now, tobacco may have some medical or curative qualities, and it may be used occasionally by the medical profession, as one of defendant's witnesses testified, yet it is never classed as a drug. It is not manufactured as a medicine, nor is it generally or primarily used or sold as a medicine. It is sold as a luxury. The legislature could not have intended to include tobacco in the words "drugs or medicines," in section 1582. 12 Abb. New Cases, 458.

The next contention by defendant's counsel is, that, to those who have acquired the habit, tobacco is an article of food and one of immediate necessity, and that therefore defendant is not guilty of a violation of the Sunday law. Food is a substance that promotes the growth of animal or vegetable life. There is no nutriment in tobacco. It is merely a narcotic. It is not

generally regarded as an article of food. It could hardly be said that an indictment for selling unwholesome food could be sustained by proof that defendant sold a bad or unwholesome cigar. But defendant says that to those who have contracted the habit of using tobacco it becomes a "necessity." Conceding this position to be correct, the evidence shows that defendant exposed his cigars to *general sale* and did sell them to any and every one who applied to purchase, and there is no evidence that defendant only sold to those who had acquired the habit of smoking to such an extent as to make a cigar a "necessity." Nor is there any proof that the parties to whom the cigars were sold, had no opportunity to purchase a supply the day before. To authorize the sale of any "article of necessity," the necessity must be an imperious one, or such as could not have been provided against. In case of *Mueller v. State*, 76 Ind. 315, the court, in passing on a case similar to the one at bar, said : "It is hardly probable that the law-makers contemplated that the cravings of a morbid appetite should be deemed to create such an imperious necessity for appeasement as that the general requirements for Sunday observance should yield to it, while the supplying of the ordinary necessities of life, like food and clothing by purchase and sale out of stores, should be forbidden."

And, lastly, defendant contends that he was the proprietor of a hotel or restaurant, and that the sale of cigars had become a part of his hotel business, for the use and accommodation of his guests, customers and visitors, and that for this reason, the sale of cigars by him at the hotel and restaurant on Sunday was not unlawful. The second instruction given by the court for appellant goes farther in the direction contended for than we think the law warrants. This instruction presented the case to the jury in a light most favorable to defendant. Under the view we take, the instruction was wrong.

We do not think that the proprietor of a hotel or restaurant can, under any circumstances, lawfully expose for sale or sell cigars to any one on Sunday. To hold otherwise would give hotel and restaurant proprietors an undue advantage in the sale of tobacco and cigars. A law must be so construed as to operate alike upon all. If other dealers in tobacco and cigars are compelled to close their places of business on Sunday and hotel and restaurant proprietors are permitted to sell, on the plea that the cigar business is an adjunct of, and a necessary element in the hotel business, then, as said in *Mueller v. State, supra,* "the users of tobacco and cigars will become Sunday customers of the hotels and there will result an odious and intolerable monopoly which ought to condemn the interpretation of the law, which leads to it."

In conclusion, we say that the instructions were more favorable to defendant than he had a right to expect or demand, and that the instructions given by the court fully presented the whole law in the case to the jury. Finding no error in the record, the judgment will be affirmed. All concur.