# THE STATE v. JAMES CAMPBELL, Appellant.

**Division Two, November 19, 1907.**

1. **SUNDAY LAW: Constitutional.** The statute (sec. 2243, R. S. 1899) providing that "every person who shall expose to sale any goods, wares or merchandise . . . on the first day of the week commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor," etc., is constitutional.

2. ———: **What Are Goods?** The General Assembly did not mean, by providing in section 2244, Revised Statutes 1899, that the preceding section (sec. 2243) "shall not be construed to prevent the sale of drugs or medicines, provisions or other articles of immediate necessity," that drugs, medicines, provisions and other articles of immediate necessity are not goods, wares or merchandise, but simply meant to classify the character of goods, wares or merchandise that might be sold without violating the provisions of the preceding section. It meant to except the things mentioned in section 2244 from the operation of section 2243.

3. ———: ———: **Instruction: No Exception.** The instruction told the jury that "if the defendant on Sunday, the 23rd day of July, 1905, did unlawfully expose to sale any lemons, and that said lemons were goods, wares or merchandise, then they will find the defendant guilty," etc. *Held*, error; for, if the court was warranted in submitting the case to the jury at all, the instruction should have required them to find that lemons were not "drugs or medicines, provisions or other articles of immediate necessity."

4. ———: ———: **Lemons.** Lemons are so universally regarded as possessing medicinal virtue and so generally used by all classes of people, both as medicine and food, that it is the duty of the court, when a defendant is charged with exposing them to sale on Sunday, to declare as a matter of law that they are embraced within the exceptions of the Sunday Law (sec. 2244, R. S. 1899), and that it is not unlawful to sell or expose them to sale on Sunday.

Appeal from Barry Circuit Court.—*Hon. Howard Gray,* Special Judge.

REVERSED.

*T. D. Steele, Mayhew & Sater* and *J. S. Davis* for appellant.

(1) The statute never contemplated prohibiting the sale of lemons, apples, oranges, bread, pies, chili and things of that sort any more than it would prevent a hotel or restaurant man from serving ice cream and eatables on the table. The section of the statute 2243 upon which this prosecution is based, in prohibiting the exposure to sale of goods, wares or merchandise, never had in view such things as chili, hot tamales, oranges or lemons; besides section 2244 excepts from the provisions of section 2243 drugs, medicines, provisions or other articles of immediate necessity. There was an absolute failure to prove that lemons were either goods, wares or merchandise. Lemons could with much greater force and reason be classed as drugs and medicines; certainly not as an article of merchandise as contemplated by the statute under consideration. (2) The trial court erred in holding that lemons were goods, wares or merchandise, and in giving instruction 2. The jury should have been instructed that if they found that lemons were drugs, medicines or provisions or other articles of immediate necessity, then they should acquit defendant. In other words, where there is an exception the State must prove the negative averment and the jury should be instructed that if the matter charged comes within the exception then they should acquit. State v. Schuerman, 70 Mo. App. 521; State v. Hirsch, 45 Mo. 430. If it was necessary to negative the averment it was just as necessary to prove it and the jury should have been instructed so as to allow them to pass upon the exceptions. Tarkio v. Loyd, 109 Mo. App. 175; State v. Sparrow, 52 Mo. App. 374; State v. Raymond, 54 Mo. App. 425.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State.

(1) The constitutionality of this statute is definitely settled in State v. Ambs, 20 Mo. 214, and St. Louis v. De Lassus, 205 Mo. 578. (2) The construction which the trial court placed on the evidence and the law was that oranges and lemons did not come within the exceptions, and that they were articles of merchandise. Webster's dictionary thus defines merchandise: "The objects of commerce; whatever is bought or sold in trade, or market, or by merchants, wares, goods, commodities." This definition is quoted in "Words and Phrases Judicially Defined," volume 5, page 4478. In the quotations from decisions therein this definition seems to have been adhered to by the court. Lemon is defined by the Standard Dictionary, "The fruit of the tropical or subtropical tree," etc. Its juice is used principally as a flavoring extract. It does not seem to be used as a medicine. It is not a drug, and cannot be regarded as either provisions or an article of necessity.

FOX, P. J.—This cause is now pending in this court upon appeal by the defendant from a judgment of conviction in the Barry Circuit Court for the offense of exposing for sale goods, wares and merchandise on the first day of the week commonly called Sunday. The information upon which this prosecution is predicated, which was duly verified, omitting formal parts, is as follows:

"D. H. Kemp, prosecuting attorney within and for the county of Barry, in the State of Missouri, acting herein under his oath of office, and upon his knowledge, information and belief, informs the court that Jim Campbell and John W. Campbell at and in the county of Barry and State of Missouri, on the 23rd day of July, 1905, said day being the first day of the week

commonly called Sunday, did then and there unlaw-
fully expose to sale goods, wares and merchandise, to
wit, lemons, candy, ice cream, ice cream soda, chili,
in the city of Monett, Barry county, Missouri, said
goods, wares and merchandise, to-wit, lemons, candy,
ice cream, ice cream soda and chili, not being drugs,
medicines or provisions or other articles of immediate
necessity, against the peace and dignity of the State.''

Defendant filed an application for a change of the
venue of said cause on the ground of the bias and pre-
judice of the Hon. F. C. Johnston, who was the regular
judge of that court. Said application was sustained
and it was ordered that Hon. Howard Gray of Car-
thage, Missouri, be called to sit as judge in this cause
on the 4th day of December, 1905, the same being the
3rd day of the September adjourned term of said court,
1905. Court met pursuant to adjournment on Decem-
ber 4, 1905, and the Hon. Howard Gray appeared to
sit in the trial of said cause. The defendant interposed
a demurrer to the information, asserting, among other
reasons, that it violated certain provisions of the Con-
stitution of the United States and of this State,
designating in the demurrer the particular provisions
of the Constitution to which the grounds were special-
ly applicable. This demurrer was by the court over-
ruled and the trial proceeded before a jury.

With the views we entertain respecting this cause
it is unnecessary to detail the evidence developed at the
trial. It may be conceded for the purposes of this case
that there was exposed in the ice cream and chili par-
lor of the defendant the articles designated in the in-
formation. The defendant James Campbell is the only
defendant appealing, but James Campbell and John
Campbell were both put upon trial. At the close of the
evidence the court gave an instruction in the
nature of a demurrer directing the jury to find
John Campbell not guilty. Counsel for appellant also

requested an instruction in the nature of a demurrer to the evidence, directing the jury to find James Campbell not guilty, which request was denied, and proper exceptions were preserved to the action of the court. The court then proceeded to instruct the jury as follows:

"1. The court instructs the jury that the law of this case will be found in the following instructions, and it is the duty of the jury to accept these instructions as the law of the case. And by the information herein filed in this case on the 24th day of July, 1905, the State of Missouri charges the defendant with the crime of exposing goods, wares and merchandise for sale on Sunday, and he pleads not guilty, and it is upon the question of his guilt or innocence that you have now to pass.

"2. The court instructs the jury that if they find and believe from the evidence in this case that the defendant, Jim Campbell, at the county of Barry, and State of Missouri, on Sunday, the 23rd day of July, 1905, did unlawfully expose to sale any lemons, and that said lemons were goods, wares, or merchandise, then you will find said defendant guilty, and assess his punishment at a fine of not exceeding fifty dollars.

"3. The court instructs the jury that by the term 'expose for sale,' the court means keeping and showing, for the purpose of selling the same, and it is not necessary for the State to prove an actual sale.

"4. Even though the jury find the defendant, James Campbell, did expose to sale or did sell lemons in the month of July, yet unless the jury further find that he did so on Sunday, the 23rd day of July, 1905, they should find him not guilty.

"5. The court instructs the jury that the information in this case is merely a formal accusation against the defendant, and is not of itself any evidence of guilt, and no juror should permit himself to in any degree be

influenced against the defendant because of or on account of the information in this case.

"6. The court instructs the jury that the burden of proof to establish the guilt of the defendant rests upon the State, and the defendant is presumed to be innocent of the charge against him, and this presumption of innocence attends and protects him throughout the trial until overcome by evidence which shows the guilt of the defendant beyond a reasonable doubt. If the jury have a reasonable doubt of the defendant's guilt, you should give him the benefit of such doubt, and acquit him. By a reasonable doubt is meant a doubt which has reason for its basis, and arising from a consideration of all the evidence in the case, and not a mere possibility of his innocence.

"7. The court instructs the jury that to expose to sale means to place in view with the purpose and intention of selling; and, although you may find from the evidence that lemons were in sight or could be seen by parties going into the defendant's place of business, yet, unless you further find that the lemons were thus in view by the defendant with the purpose and intention of selling on Sunday, you will find him not guilty."

To the giving of said instructions and each of them, the defendant excepted at the time, and still excepts. The cause was submitted to the jury and they returned a verdict finding the defendant guilty and assessing his punishment at a fine of one dollar. Timely motions for new trial and in arrest of judgment were duly filed and by the court overruled. Judgment was duly entered for the recovery of the fine imposed by the jury and from this judgment the defendant prosecuted his appeal to the St. Louis Court of Appeals and that court certified the cause to this court on the ground of the constitutional question properly raised by the motion to quash the information, and the record is now before us for consideration.

## OPINION.

It is apparent from the disclosures of the record in this cause that the questions confronting us are brought within a very narrow compass. It is sufficient to say upon the constitutional question suggested in the motion to quash this information, that this statute, embracing substantially the same provisions as it does now, was reviewed and held constitutional in the early case of State v. Ambs, 20 Mo. 214. In the recent case of City of St. Louis v. DeLassus, 205 Mo. 578, Judge GANTT exhaustively reviewed all of the authorities applicable to the constitutional question presented in the case at bar, and the statute now assailed was in that case fully recognized as a valid and constitutional law.

Numerous complaints are urged against the action of the trial court in this case as grounds for the reversal of this judgment. It is manifest, however, that the overshadowing proposition confronting us is embraced in the assignment of error that the trial court refused to give an instruction in the nature of a demurrer, directing the jury to acquit the defendant, and erroneously submitting this cause to the jury by instruction number 2, as heretofore indicated in the statement of this cause.

It will be observed that the trial court narrowed this cause down to the simple question as to whether or not in exposing to sale by the defendant in his ice cream parlor near the railroad station in Monett, Barry county, Missouri, any lemons, was a violation of the provisions of section 2243, Revised Statutes 1899. This section provides: "Every person who shall expose to sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called

Sunday, shall, on conviction, be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars.''

This section is followed by section 2244, which undertakes to construe the provisions of section 2243 above cited. This section provides: ''The last section shall not be construed to prevent the sale of any drugs or medicines, provisions or other articles of immediate necessity.''

It is clear that the General Assembly did not mean to say that drugs, medicines, provisions or other articles of immediate necessity which are embraced within the exception of the provisions of section 2244, were not goods, wares or merchandise, but simply sought to classify the character of goods, wares or merchandise which might be sold without violating the preceding provisions of section 2243. In other words, the articles embraced in section 2244 might fall within the definition of goods, wares or merchandise and the sale of them might not constitute any offense, for the reason that they fall within the exception provided for by section 2244.

Directing our attention to instruction number 2, which sought to present this case to the jury, it is sufficient to say that if the cause should have been submitted to the jury at all, this instruction did not fully present the law as applicable to the facts of the case. This instruction simply told the jury that ''if the defendant on Sunday, the 23rd day of July, 1905, did unlawfully expose to sale any lemons, and that said lemons were goods, wares or merchandise, then you will find said defendant guilty and assess his punishment at a fine not exceeding fifty dollars.'' Now we repeat, if the court was warranted in submitting this cause to the jury, it should have embraced in instruction number 2 the qualification embraced in the provisions of section 2244, for the reason that while lemons may be regarded as falling within the definition of goods or mer-

chandise, they may belong to that class of goods and merchandise which are embraced in the exception to the statute as provided by section 2244. Under the law as declared in instruction number 2, it was only necessary to find that the articles were goods, wares or merchandise, and it would make no difference how apparent it was that the goods, wares and merchandise were within the exception to the statute, yet unless the attention of the jury was directed to the provisions of the statute making the exception, they could reach but one conclusion, and that is, under the instructions of the court the articles enumerated fall within the definition of merchandise, and they were sold, and the court simply directed them, if they find that state of facts, to find the defendant guilty. This instruction under any theory of this case was manifestly erroneous in failing to embrace the qualification as heretofore suggested. But aside from all this, while every good citizen in this State should have the highest respect for the Sabbath, and as to those who fail to properly observe it, it is the province of the courts when legally brought before them, to teach them, by the imposition of proper punishment, that they must respect the Sabbath, in fact, we are unable to reconcile good citizenship with a non-observance and the want of proper regard for the first day of the week commonly called Sunday; yet the people of this State, and their views find embodiment in the provisions of section 2243 and section 2244, fully recognized for many years that there were certain articles of necessity, such as drugs, medicines, provisions and other articles of necessity, which ought to be excepted from the general class of goods, wares and merchandise, and the sale or the exposure to sale of such articles should not in good morals be regarded as a violation of the Sunday law. In our opinion, lemons, the articles charged to have been exposed for sale in the case at bar, are so universally

recognized as possessing medicinal virtue and so universally used by all classes of people, both as a medicine and as a food; that it was the duty of the court to declare as a matter of law that they were embraced within the exception provided for in section 2244. It is but common knowledge that the use of lemons is frequently recommended by the most eminent physicians of the country, and the response comes from thousands of households in this commonwealth that lemons are used, not only to relieve colds, hoarseness and other ailments to which the human family are subjected, but in many families are daily used in the preparation and as part of the provisions which relieve the hunger of the respective members of the family. It is but common practice for those who talk in public, ministers, lawyers and lecturers, to have conveniently near them a piece of lemon to relieve any interference with proper conditions of the vocal organs. It is a favorite remedy for public singers for the purpose of clearing up the throat and keeping the vocal organs in proper condition to furnish the expected entertainment for their audiences.

We are unwilling to say that the lawmaking power intended, by the provisions of section 2243, to embrace lemons in that class of goods, wares and merchandise which are, under the provisions of that section, prohibited from being sold or exposed to sale on Sunday. The many uses for which lemons may be required, both as a medicine and as a food, properly entitles it, if the proper conditions exist, to be classed as an article of even immediate necessity, and as an article of that character the defendant had the right to sell it, and if he could sell it, it logically follows that he had the right to expose it for sale.

Having reached the conclusions as herein indicated upon this branch of the case it is unnecessary to give any attention to the other errors complained of by ap-

pellant. The judgment of the trial court in this cause should be reversed and the defendant discharged, and it is so ordered.

All concur.