STATE OF MISSOURI, Respondent, v. L. C. HOGAN, Appellant.

Springfield Court of Appeals, May 10, 1923.

SUNDAY: Selling Groceries on Sunday Without Regard to Immediate Necessity, Held Unlawful: "Exposing for Sale." Where defendant sold groceries, meats and feed to those who desired to buy them, without regard to the question of immediate necessity, he was guilty of violating Revised Statutes 1919, section 3599, prohibiting the exposing for sale on Sunday of goods not within the exceptions enumerated in section 3600; "exposing for sale" meaning keeping and showing for the purpose of selling.

Appeal from the Circuit Court of Newton County.—*Hon. C. L. Henson*, Judge.

AFFIRMED.

*D. S. Mayhew* for appellant.

*Horace Ruark*, Prosecuting Attorney, for respondent.

(1)  The transcript of the justice of the peace is a part of the record of the cause and need not be preserved by a bill of exceptions.  Clark v. Kilbride, 282 Mo. 101; Secs. 3796, 3797, R. S. 1919.  (2)  The information is sufficient to sustain the judgment.  An information before the justice of the peace, need not be verified by the prosecuting attorney and in any event the defendant waived the matter by entering his plea of not guilty.  State v. Brown, 181 Mo. 192.  (3)  It was not necessary for the State to negative the provisions of sec. 3600, R. S. 1919.  The information was drawn under the provisions of section 3599, and the provisions of the section following are matters of defense to be presented by the defendant.  This was directly decided under this section of the statute.  In State v. Sutton, 24 Mo. 377, the opinion has often been cited, and stands as law today.  Koshkonong v. Bank, 173 Mo. App. 317; State v. Anderson, 240 S. W. 848; State v. Hamlet, 129 Mo. App. 76; State v. Brockstruck, 139 Mo. 537.  (4)  It is a geneal rule of criminal pleadings that where a provision or exemption is contained in a distant clause or in a subsequent section it is not necessary for the pleader to negative the exceptions, as such matter is one of defense to be brought forward by the defendant.  State v. Cox, 32 Mo. 566; State v. Shiflett, 20 Mo. 415; State v. O'Gorman, 68 Mo. 351; State v. Bockstruck, 136 Mo. 351; State v. Jenkins, 139 Mo. 537; State v. Handler, 178 Mo. 41-42; State v. Doerring, 194 Mo. 415; State

v. D'Great, 259 Mo. 375; State v. Hellscher, 150 Mo. App.
230. (5) The venue was sufficiently proven. When
the question of venue is not controverted at the trial,
slight testimony is sufficient and the venue may be es-
tablished by inference from the facts proven. State v.
Knolle, 90 Mo. App. 238; State v. Burns, 48 Mo. 438;
State v. Sanders, 1006 Mo. 195; State v. Hell, 96 Mo.
357; State v. Shorer, 196 Mo. 223; State v. Lee, 228 Mo.
497; State v. Schatt, 128 Mo. App. 622. (6) It appears
by direct testimony that the defendant's store was lo-
cated in Wentworth. That the witness Lawyer was
constable of the township of Van Buren and lived at
Wentworth. That Lawyer was also constable at the
time of the arrest is shown by the transcript of the jus-
tice of the peace. As the statute requires the constable
to be a resident of the township for which he is elected
(Sec. 2143, R. S. 1919), Wentworth must have been in
Van Buren Township. State v. Schatt, 128 Mo. App.
622. (7) The admission of the defendant that he kept
his store open to the public every Sunday in the month,
along with proof that customers were seen entering the
store and departing with groceries, made a prima facie
case for the state. If defendant desired to bring him-
self within the exceptions of Section 3600, R. S. 1919,
the burden was upon him to so do. State v. Doerring
194 Mo. 414; State v. Stocker, 80 Mo. App. 354. (8)
That the defendant was a Seventh Day Adventist and
kept Saturday in no defense to this action. If his
conscience required him to keep his shop closed on
Saturday that was a matter of conscience and he was
free to follow his religious belief; but this gave him
no right to violate the Sabbath laws by keeping his gro-
cery store open upon the Sabbath. Donahoe v. Richards,
38 Me. 379; Society v. Commonwealth, 52 Pa. St. 125;
State v. Bergfeldt, 41 Wash. 234, 83 Pac. 177; Ex parte
Burke, 59 Col. 6; Judefield v. State, 78 Md. 510, 2 L.
R. A. 721. (9) It is no defense that the defendant be-
lieved in and observed the seventh day of the week as

the Sabbath. State v. Scales, 47 Ark. 376; Commonwealth v, Kirshen, 194 Mass. 151; State v. Weiss, 97 Minn. 125, 105 N. W. 1127. Sections 2599 and 3600 have remained in the Statute without change since their enactment March 27, 1845. See Statute of 1855. (10) The Missouri Sunday Laws have regard to that day as a day of rest, and not to the religious character of the day. They are civil, not religious regulations and are based upon a sound public policy which recognizes that rest one day in seven is for the general good of mankind. (a) Those laws are sustained as civil, municipal or police regulations, without reference to the fact that the day of rest is also the Christian's day of rest and worship. State v. Railroad, 239 Mo. 209. (b) All traffic in merchandise of every description is to cease on Sunday. If the business of the week is carried on openly or secretly, the law is broken. State v. Crabtree, 27 Mo., 234. (c) It is beyond the power of the courts to write into the Statute exceptions not made by the Legislature. (d) A proviso or exception is strictly construed and takes no case out of the enacting clause which does not fall fairly within its terms. United States v. Dickson, 15 Peters, 141; State v. Ewing, 140 U. S. 148. (e) An exception or proviso carves special exceptions out of the body of the act and those who set up any such exception, must establish it as being within the words as well as the reason thereof. U. S. v. Dickson, ante. (f) And where a proviso or exception is inconsistent with or repugnant to the purview of the act the latter will be held to prevail. Gist v. Rackliffe, 224 Mo. 369.

BRADLEY, J.—Defendant was charged by information with the violation of section 3599, Revised Statutes 1919. It is charged that in the county of Newton and State of Missouri on February 12, 1922, defendant did willfully and unlawfully on the said 12th day of February, the same being the first day of the week commonly

called Sunday, keep open a certain grocery store, and expose and offer for sale goods, wares and merchandise. A jury was waived and the cause tried before the court. Defendant was found guilty, and his punishment fixed at a fine of $25. After the usual motions he appealed.

About the only defense at the trial was that defendant is a Seventh Day Adventist and observed Saturday as the Sabbath. It was admitted that he kept his grocery store open on the day charged during the usual business hours. The evidence shows that he sold groceries, meats and feed. One witness stated that he bought some feed for his team under circumstances which may be said to constitute an immediate necessity. Defendant was charged under section 3599, Revised Statutes 1919, which prohibits, among other things, the exposing to sale of goods on Sunday. Section 3600 excepts from the provisions of section 3599 drugs and medicines, and provisions and other articles of immediate necessity; but there is no exception for members of a religious society by whom some other day than the first day of the week is observed as the Sabbath, as there is to section 3596 relating to work and labor.

Defendant was charged under section 3599 with exposing to sale goods, wares and merchandise. Section 3600 provides that section 3599 shall not be construed to prevent the sale of any drugs or medicines, provisions or other articles of immediate necessity. No one is exempt from the provisions of section 3599 except as is provided in section 3600.

In this court defendant does not rely upon the exceptions to members of a religious society who observe some day other than the first day of the week as the Sabbath; but contends that what he sold should be construed as immediate necessaries. State v. Campbell, 206 Mo. 579, 105 S. W. 637 is relied upon. Defendant in that case was charged under the same section as is defendant in the cause at bar. There the charge was limited by instructions to the exposing of lemons for

State v. Hogan.

sale. An instruction in that case defined "expose for sale" as the keeping and showing for the purpose of selling, and again defined the term in another instruction to mean "to place in view with the purpose and intention of selling." These definition are not approved or disapproved in the opinion, but we think them correct. The court in the Campbell case held that lemons are both tion of sellin." These definitions are not approved or what is now section 3600. In the case at bar defendant exposed to sale groceries, meats and feed. Neither of these as a matter of law is excepted. Either may fall under *provisions,* but provisions are not excepted as a matter of law, as are drugs and medicines under section 3600. [State v. Ohmer, 34 Mo. App. 115.] Discussing the subject the court there said: "The object of the statute (now sec. 3599, R. S. 1919) under consideration was to close up all places of business and prevent ordinary traffic on Sunday. But the Legislature did not intend that this law should apply to the sale of drugs or medicine, and for obvious reasons; nor was it the intention of the Legislature that this law should apply to and prohibit the sale of articles of food or other necessary articles, when the necessity for the same was urgent and immediate. And we think that the 'necessity' spoken of, must be of such a character that it could not reasonably have been foreseen or guarded against. To hold otherwise would result in the general sale of all kinds of food and other articles of necessity on the Sabbath."

Defendant in effect admitted that he exposed for sale his entire stock. He sold to those who desired to buy without regard to the question of immediate necessity. His demurrer was properly overruled.

The judgment below should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.