**Fred HARVEY, a corporation, Respondent,**

**v.**

**H. Sam PRIEST, Russell L. Dearmont, Alphonse G. Eberle, Kenneth Teasdale and Raymond R. Tucker, as Members of the Board of Police Commissioners for the City of St. Louis, Missouri, and Curtis Brostron, Chief of Police, City of St. Louis, Missouri, Appellants,**

**and**

**Thomas F. Eagleton, Attorney General of the State of Missouri, Intervenor-Appellant.**

No. 49576.

Supreme Court of Missouri,

En Banc.

March 11, 1963.

Gerald K. Presberg, St. Louis, for defendants-appellants.

Arthur R. Tucker, Henry F. Luepke, Jr., St. Louis, Carter, Bull & Baer, St. Louis, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, special counsel to intervenor-appellant.

Coburn, Croft & Cook, Thomas L. Croft, Gerald M. Smith, Ben Ely, Jr., St. Louis, for plaintiff-respondent.

LEEDY, Judge.

Fred Harvey, corporate concessionaire at Union Station, St. Louis, obtained declaratory relief by the judgment in this case, and from that judgment the members of the Board of Police Commissioners of the City of St. Louis, the Chief of Police of that city (defendants) and the Attorney General of Missouri (intervenor) have appealed.

The case is another of those following in the wake of, and which were given impetus by, this court's en banc decision of December 11, 1961, in State v. Katz Drug Company (Mo.) 352 S.W.2d 678, upholding the constitutionality of the exposure-to-sale and Sunday closing sections of our so-called "blue laws," §§ 563.720, 563.730 (statutory references are to RSMo and V.A.M. S., unless otherwise noted). These sections read as follows:

"§ 563.720. Every person who shall expose to sale any goods, wares or merchandise, or shall keep open any ale or porter house, grocery or tippling shop, or shall sell or retail any fermented or distilled liquor on the first day of the week, commonly called Sunday, shall, on conviction, be adjudged guilty of a misdemeanor and fined not exceeding fifty dollars.

"§ 563.730. Section 563.720 shall not be construed to prevent the sale of any drugs or medicines, provisions or other articles of immediate necessity."

The Katz case held these sections were not rendered unconstitutional or void for vagueness and uncertainty by reason of excepting sales of "drugs, medicines, provisions or other articles of immediate necessity," nor as being violative of constitutional provisions respectively calling for separation of legislative and judicial powers, and giving an accused the right to demand the nature and cause of accusation. That case did not involve (nor does the one at bar) any challenge of these sections on the ground that they conflict with constitutional provisions for religious liberty. In sustaining the validity of these sections, the Katz case ruled that the standard "other articles of immediate necessity" within the exception above mentioned must be of necessity to people generally rather than to the individual making the purchase on a particular

occasion. And in that connection it was further said: "* * * [S]ince travel on Sunday has never been prohibited (see exemption of ferrymen in Sec. 563.700), supplies immediately needed to keep modern traffic moving in motor vehicles or planes surely would now be 'articles of immediate necessity,' as would supplies immediately needed to carry on any 'works of necessity.'"

In an obvious effort to conform the instant judgment to the foregoing view of the law by an adaptation of the language with respect to keeping "modern traffic moving in motor vehicles or planes," said judgment, in paragraph "1", adjudges, declares and decrees:

"1. That the items set forth and contained in Exhibit A [1] *and items of similar nature* are hereby declared to be drugs, medicines, provisions, and articles of immediate necessity for the traveling public and railroad employees within the meaning of Section 563.730 Revised Statutes of Missouri, 1959, and are further declared to be supplies immediately necessary to keep modern traffic in trains moving, and the sale of such items and their exposure for sale to travelers and railroad employees within the confines of the Union Station in St. Louis, Missouri, on Sunday is not in violation of the provisions of Section 563.-720, Revised Statutes of Missouri, 1959." (Italics ours.)

"EXHIBIT A

"LIST OF ITEMS WHICH ARE HEREBY DECLARED TO BE DRUGS, MEDICINES, PROVISIONS AND ARTICLES OF IMMEDIATE NECESSITY AND MAY BE SOLD AND EXPOSED FOR SALE TO THE TRAVELING PUBLIC AND RAILROAD EMPLOYEES USING THE UNION STATION IN ST. LOUIS, MISSOURI ON SUNDAYS AND THE SALE OF WHICH IS HEREBY DECLARED NOT TO BE VIOLATIVE OF SECTION 563.720, REVISED STATUTES OF MISSOURI, 1959

| | |
|---|---|
| Toothpaste | Books |
| Toothbrushes | Children's Toys |
| Razor Blades | Sun Glasses |
| Shaving Lotion | Glasses Cases |
| Cosmetics and items incidental thereto | Rosaries |
| | St. Christopher Medals |
| Drugs | Crosses |
| Film, flashbulbs | Key Cases |
| Shoe Laces | Travel Bags |
| Combs | Alarm and Travel Clocks |
| Sanitary Napkins | Watches |
| Deodorant | Slippers, Travelers |
| Fountain Pens | Women's earrings, bracelets, necklaces, pins |
| Stationery | Purses |
| Shirts | Stockings |
| Ties | Gloves and scarfs |
| Socks | Tobacco products and items necessarily incidental thereto |
| Underwear | |
| Belts | Chewing Gum |
| Cuff Links | Candy |
| Tie Pins | Pocket Knives |
| Wallets | Shoehorns |
| Diapers | Nail clippers |
| Baby Bottles | Handkerchiefs |
| Baby Drugs and Supplies | Rain Apparel |
| Magazines | Luggage Tags |
| Newspapers | City Directional Maps |
| Travel Mementos, Souvenirs Novelties including but not limited to decorative pottery and glassware | Towels and washcloths |
| | Razors |
| | Pencils |
| | Flashlight and radio batteries"

The judgment also requires that plaintiff post appropriate signs in and about its establishment in Union Station "setting forth and indicating that the sale of merchandise set forth in Exhibit A on Sunday is limited to the traveling public and railroad personnel utilizing the facilities of said Union Station." It is further required that plaintiff "use and exercise reasonable care in the sale or exposure for sale of the items set forth in Exhibit A on Sunday insofar as practicable to the traveling public and railroad employees utilizing the facilities of the Union Station * * *."

The judgment contains other declarations and provisions, but for our purposes, in the view we take of the case, they need not be noticed.

Appellant's first contention is that the articles enumerated in Exhibit A "and items of similar nature" are not exempt from the proscription of § 563.720 as articles of immediate necessity to the traveling public and railroad employees, and are not supplies necessary to keep modern traffic in trains moving; respondent contends to the contrary. It may be said that, in general, both sides cite and rely on the same cases to support their respective, albeit diametrically opposed, positions. This is but typical of the vexing state of uncertainty and widespread confusion which for many years attended (and since Katz has aggravated) operations under, and enforcement of, these sections—a situation so notorious as to be the subject of judicial notice.

In this state of affairs we shall examine sua sponte so much of the question presented in Katz as relates to the claim of invalidity of these sections (both under common law rules and under constitutional provisions there invoked) because of vagueness and indefiniteness, in that they fix no ascertainable standard by which guilt may be determined, and furnish no adequate guide to future conduct or the adjudication of past action, or whether or not an article falls within the classification of "provisions or other articles of immediate necessity."

Some of the provisions of § 563.720 are couched in the language of the pioneer, backwoods era during which the section was originally enacted (See R.S.1825, p. 311, Sec. 92, and R.S.1835, p. 209), notably the clause inhibiting the keeping open on Sunday of "any ale or porter house, grocery or tippling shop." As to the word "grocery," what modern child or other person would understand that term to mean anything other than a retail store or establishment at which foodstuffs, general supplies for the table, and household commodities are sold? But obviously the word was not so used in the statute, but rather in its meaning (now archaic) as a barroom or drinking shop. Webster's 2nd International Dictionary gives as one of the definitions of grocery: "4. A barroom, hence, liquor. Southern U.S." And in 4 Century Dictionary and Cyclopedia 2631: "5. A drinking shop." And, by way of elaboration, "Every house in Sante Fe was a grocery * * * continually disgorging reeling, drunken men. Ruxton, Mexico and Rocky Mountains, p. 190." Perhaps, too, today's alcoholic, when in quest of the nearest barroom, tavern, cocktail lounge, etc., would be perplexed and bewildered if directed to try "any ale or porter house, grocery or tippling shop." But notwithstanding such archaic phraseology, the meaning of those terms as understood at the time the statute was enacted is ascertainable, and, being known, is perfectly clear, so that this section, if standing alone, would present no problem of interpretation. Indeed, its command would be regarded as unambiguous, direct and unmistakable, but its resultant force and effect would be a tight and unyielding clamp upon selling or exposure to sale of all goods, wares and merchandise on Sunday. But, as we have seen, the section does not stand alone, but is followed by § 563.730 which purports to remove from the proscriptions of § 563.720 and exempt therefrom "the sale of any drugs or medicines, provisions or other articles of immediate necessity."

In ruling Katz, the really troublesome question was found (and so declared) to be

that of the meaning to be given to the words "other articles of immediate necessity" as there used. We are satisfied with our ruling that "provisions" as used in § 563.730 means "food and provender for men and beasts," including "meats and groceries." But the construction we placed on "or other articles of immediate necessity" returns to haunt and mock, and will continue so to do, as the instant judgment demonstrates. In the first place, in construing the clause to mean necessity to the people generally rather than to the individual making the purchase on a particular occasion, we failed to take into account or notice that our courts of appeals had many years ago placed a contrary construction upon the language in question. State v. Ohmer, 34 Mo.App. 115; State v. Hogan, 212 Mo.App. 473, 252 S.W. 90. As said in State v. Ohmer (34 Mo.App. pp. 124–125): " * * * [N]or was it the intention of the legislature that this law [§ 1582 R.S.1879, now § 563.730] should apply to and prohibit the sale of articles of food or other necessary articles, *when the necessity for same was urgent and immediate*. And we think that the 'necessity,' spoken of, must be of such a character that it could not reasonably have been foreseen or guarded against. To hold otherwise would result in the general sale of all kinds of food and any other articles of necessity on the Sabbath." The foregoing language was quoted approvingly by the Springfield Court of Appeals in affirming the conviction in the Hogan case, supra, where the accused was charged with having kept open his grocery store on Sunday, and exposed and offered goods, wares and merchandise for sale, the court saying, "Defendant in effect admitted that he exposed for sale his entire stock. *He sold to those who desired to buy without regard to the question of immediate necessity*. His demurrer was properly overruled." (All em-

phasis ours.) Of course, this court would not be bound by these pronouncements, but the fact they were made (and there has been no amendment in the statute in the meantime) is symptomatic of the problem posed by the indefinite meaning of "articles of immediate necessity."

If the trial court's judgment is correct, then by the same token the highway traveler on Sunday is entitled to similar treatment by stores, shops, and other miscellaneous establishments along his route in furtherance of the need to "keep modern traffic moving in motor vehicles," and so on through various categories ad infinitum.

In the light of the history and background of these sections, and taking judicial notice of the matters hereinabove mentioned, upon what we deem to be an objective reappraisal of our views as formerly expressed, we have concluded, and accordingly hold that the presence of the phrase "or other articles of immediate necessity" renders the statutory scheme of Sunday closing (as embodied within the two sections here under scrutiny) so vague and indefinite that it cannot be ascertained with any reasonable degree of certainty what sales are permitted, and what sales are interdicted, thus making the statute incapable of rational enforcement, and hence void.

We do not reach the merits of the questions sought to be presented on this appeal because the statute on which the action is based is now held void, and from this it follows that the decree interpreting that statute and declaring rights thereunder must of necessity fall with the adjudication of invalidity of the underlying statute. The judgment is, therefore, reversed.

All concur except DALTON and HYDE, JJ., who concur in result.