**STATE of Missouri ex rel. Gene McNARY, Prosecuting Attorney, St. Louis County, Missouri, Relators-Respondents,**

**v.**

**LEVITZ FURNITURE COMPANY OF MISSOURI, INC., a corporation, and James A. Melly, Operations Manager, Defendants-Appellants.**

No. 35346.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Sept. 25, 1973.

Motion for Rehearing or Transfer Denied
Nov. 13, 1973.

Application to Transfer Denied
Jan. 14, 1974.

McMahon & Berger, Thomas M. Hanna, St. Louis, for defendants-appellants.

Gene McNary, Pros. Atty., Clayton, for relators-respondents.

SMITH, Presiding Judge.

Defendants appeal from a judgment permanently enjoining them from violating the provisions of Section 563.721, RSMo 1969 (V.A.M.S.), the Sunday Sales Act.

Factually, there is no dispute. Defendant Levitz is a corporation engaged in the business of selling household furniture at retail. It operates a warehouse store in St. Louis County. Defendant Melly is the operations manager of that store. In September and October, 1971, that store was open on Sundays and the general public was invited to inspect the merchandise on display. Defendant Levitz ran an ad in a Sunday paper saying "Browse today, Buy tomorrow." No sales of merchandise were made on those days. Employees of Levitz were present in the store on those days. These employees were under instruction upon pain of dismissal: (1) not to make sales, (2) not to solicit sales, (3) not to reserve items for later sale and, (4) not to distribute business cards. They had no order forms available and, unlike the remainder of the week when they were paid on a commission basis, were to be paid solely on a daily basis for coming in on Sunday. The state's evidence did not in any way contradict that of defendants and, in fact, supported the conclusion that none of the Levitz employees violated instructions. In fact, the only state's witness who testified to conduct within the store stated he did not see the employees talking to members of the public who were in the store. Defendant Melly admitted that having the store open for "browsing" was a form of advertising for Levitz and was intended to interest people in a later purchase.

The court found that defendants did not sell merchandise on Sunday but that they did "engage on Sunday in the business of selling goods, wares and merchandise . . . ." and "offer for sale on such day (Sunday), goods, wares and merchandise . . . ." in violation of Section 563.721, RSMo 1969 (V.A.M.S.).[1]

There is admittedly a certain amount of ambiguity in the phrase "engages on Sunday in the business of selling".[2] It is not impossible to conclude, as the trial court apparently did, that that phrase means that one who is in the business of selling restricted items may not engage in his business on Sunday whether in fact he sells on that day or not. Viewed in the light of current business practices and tax laws such an interpretation would outlaw a substantial amount of activity beyond actual sales. Included, presumably, in such proscribed Sunday business activity (involving restricted items) would be television, radio, and newspaper advertising; display windows; advertising in programs at special events, theatres, or sporting events; camping, sports, boat, automobile, or homebuilder shows where restricted items are displayed; automobiles for sale which are exposed to public view on used car or dealer lots; entertainment of customers or prospective customers by companies or individual salesmen; and display of restricted items in stores also selling non-restrict-

---

I. That section provides as follows:

"563.721 Selling goods on Sunday—penalties. 1. Whoever engages on Sunday in the business of selling or sells or offers for sale on such day, at retail, motor vehicles; clothing and wearing apparel; clothing accessories; furniture; housewares; home, business or office furnishings; household, business or office appliances; hardware; tools; paints; building and lumber supply materials; jewelry; silverware; watches; clocks; luggage; musical instruments and recordings or toys; excluding novelties and souvenirs; is guilty of a misdemeanor and shall upon conviction for the first offense be sentenced to pay a fine of not exceeding one hundred dollars, and for the second or any subsequent offense be sentenced to pay a fine of not exceeding two hundred dollars or undergo confinement not exceeding thirty days in the county jail in default thereof. 2. Each separate sale or offer to sell shall constitute a separate offense. . . . 4. The operation of any place of business where any goods, wares or merchandise are sold or exposed for sale in violation of this section is hereby declared to be a public and common nuisance."

2. We note in passing that ambiguity in Sunday sale laws did not originate with this particular statute. See Harvey v. Priest, 366 S.W.2d 324 (Mo.Banc.1963); State v. Katz Drug Co., 352 S.W.2d 678 (Mo.Banc.1961).

ed items. The above list is not intended to be complete.

■ Although such a construction is possible, we do not find it proper. We are dealing with a criminal statute which must be strictly construed. We further must ascertain the legislative intent, if possible. To do so, it is not necessary to look further than paragraph 2 of the statute which provides that "Each separate *sale* or offer to *sell* . . . ." (emphasis supplied) constitutes a separate offense. If the construction heretofore discussed was intended and if business acts other than selling were intended to be proscribed, then the word "act" presumably would have been included in that paragraph. Reviewing the statute as a whole, we are left with the inescapable conclusion that the statute is intended to prevent the actual selling of proscribed items on Sunday. We note that the Supreme Court, although not confronted with the precise issue involved here, apparently arrived at the same conclusion in State ex rel. Eagleton v. McQueen, 378 S.W.2d 449, l. c. 454 (Mo.Banc.1964) wherein it stated: "The Sunday Sales Act does not require stores to close on Sunday, only that they do not sell merchandise of the forbidden kind on that day."

The language "or offers for sale on such day" also refers to a sale to be made on Sunday. The "on such day" language we find modifies "sale" not "offers". The phrase was added to obviate the need of proving a completed sale where it is clear the seller is offering to make the sale on the proscribed day if given the opportunity.

■ Having concluded that the statute is aimed at selling on Sunday we must con-

clude on the record before us that defendants have not violated the statute and should not have been enjoined.

■ The State urges that in addition to the grounds advanced by the trial court, the injunction can be supported because defendants exposed merchandise for sale. We are unable to conclude that exposure for sale is an additional violation of the statute. By the express language of paragraph 4 of the statute exposure for sale "in violation of this section" is declared a nuisance. But paragraph 1 contains the violation provisions and we interpret the statute to require one of the three acts contained in that paragraph before a violation occurs. For exposure to warrant an injunction, there must be an illegal act under paragraph 1.

Additionally, exposure alone is not what is referred to in paragraph 4. There must be exposure "for sale". The State does not contend that the exposure of restricted items in a store which is legally selling non-restricted items would be a violation. Presumably, if defendants added a counter to sell bread, the exposure of their furniture line would not be illegal. We do not believe the legislature intended any such result. The statute is directed at sales on Sunday and the evidence here does not show that defendants sold merchandise on Sunday or intended to do so.

The judgment is reversed, the permanent injunction is dissolved and the cause remanded for dismissal of respondent's petition.

SIMEONE, KELLY and GUNN, JJ., concur.