M’Girk, C. J.,
delivered the opinion of the Court.
This was a proceeding, under the revenue law of this State respecting auctions and auctioneers. The case appears to be as follows : that, in 1820, the Legislature passed a law prohibiting persons from exercising the profession of auctioneer, without first having obtained a license from the collector of the State revenue, and imposing a penalty for selling without such license; to recover which penalty, this proceeding is had. The defendant relies for his defence on the 12lh section ot an act of the General Assembly, passed 9th December, 1822, entitled, an act to incorporate the inhabitants of the town of St. Louis. By which 12th section, a power is given to the Mayor and Aldermen, (among many other things.) to provide for licensing, taxing, and regulating auctions, retailers, &c.; and the defendant in the Court below, Savage, shows, that the Mayor and Board of Aldermen did, by ordinance, regulate auctions j that, under that regulation, he obtained license to vend goods at auction. And upon this state of facts the question is made, if the auctioneer is bound to take a license from the collector of the State revenue. On the part of Savage, it is contended, that if the Corporation have power to grant a license, that the license, so granted, must be a protection against all other authorities.
*256 It is obvious to this Court, on a view of both statutes, that the Legislature nevev intended to grant to the Corporation an exclusive exercise of the power of licensing-auctioneers ; they have defined, minutely, the powers of the Corporation, and given it some power with respect to many other professions and things, and among them, the one of licensing auctions.
This act of incorporation may well stand, without infringing on the act respecting the State revenue. And it is a rule of law, that where there are several statutes on the same subject, they are to be taken as one act. In this case, these two acts, so far as they respect auctions, are one act, and may well stand together. Viewing the statutes in this light, the consequence is, that the Legislature have provided, and required two licenses to be taken by auctioneers, if the Corporation think fit to ordain it necessary on their pait.
The Corporation may ordain a penalty for vending at auction, without their license. This they have the power to do % yet the auctioneer must look in the statute book for other penalties, and if he vend at auction, without complying with the revenue law also on this subject, he incurs another penalty,, so that the 12th section of the act of incorporation does not repeal the act of 1820, on this subject j, nor is it inconsistent j they both stand together.
The auctioneer, to protect himself completely, must have a license from the Corporation, and also from, the State Collector.
The judgment of the Circuit Court is affirmed, with costs.
The assignment of error, as to the insufficiency of the plaint, or information, ia adjudged for Simpson.