# CITY OF ST. LOUIS, Plaintiff in Error, v. HERMAN BERNARD.

### In Banc, March 28, 1913.

1. **GROCER: Delicatessen Keeper: Adjudged Not Same as Matter of Law.** An allegation in defendant's motion to quash the information charging him with keeping open a grocery store on Sunday, to the effect that he "is a delicatessen keeper, and not a grocery keeper within the meaning of the ordinance," cannot be considered in the absence of any evidence on the point.

2. **ORDINANCE: Conflicting With Statute: Selling Provisions on Sunday.** Where the statutes expressly restrict or limit the power of a city to legislate upon a given subject, such city cannot legally overstep the boundaries marked out for it by the General Assembly. But Secs. 4804-5, R. S. 1909, whose legal effect is to prohibit the sale of all "goods, wares and merchandise" on Sunday except "drugs or medicine, provisions or other articles of immediate necessity," do not purport to authorize the sale of provisions on Sunday, but are simply a legislative announcement that the General Assembly has not prohibited the sale of such articles on that day, and, therefore, an ordinance which authorizes a grocery store to keep open on Sunday morning until nine o'clock, and prohibits any such store to keep open or sell groceries on Sunday after nine o'clock a. m., is not in conflict with those statutes. The ordinance simply takes up the proposition of selling on Sunday where the statutes left off, and is valid.

Appeal from St. Louis Court of Criminal Correction.
—*Hon. V. H. Falkenhainer,* Judge.

REVERSED AND REMANDED.

*Lambert E. Walther, Phil H. Sheridan* and *Davis & Erd,* for plaintiff in error.

(1)    The State, in the exercise of its undoubted police powers, had the right to, and did, enact a law forbidding the keeping open, within the State, of grocery stores, on the first day of the week, commonly called Sunday. R. S. 1909, sec. 4804; St. Louis v. De-Lassus, 205 Mo. 578; State v. Campbell, 206 Mo. 579. The right also undeniably existed in the State to exempt from the foregoing statute the sale of drugs or medicines, provisions, and other articles of immediate necessity. R. S. 1909, sec. 4805; and cases, supra. (2) The State laws in force at the date of the passage of the ordinance under review left the city, in the exercise of the powers delegated to it under its charter, unhampered in its right to adopt, by the passage of appropriate ordinances, reasonable regulations for the sale, within the municipal borders, of drugs, medicines, provisions, and other articles of immediate necessity. St. Louis v. DeLassus, 205 Mo. 578; State v. Campbell, 206 Mo. 579. The provisions of the ordinance upon which the present action is founded, afford reasonable opporunity to all the inhabitants of St. Louis to supply themselves, on Sunday, with needed provisions and other articles of immediate necessity, and deprive none of the rights manifestly intended to be reserved by the statutes of the State. Therefore the ordinance is not subject to the criticism made by counsel for defendant that it is unjust, oppressive or unreasonable. Authorities, supra.

*Cornelius F. Bauer* for defendant in error.

The city is without power to enact any ordinance not in harmony with the Constitution and the laws of the State of Missouri. Constitution, sec. 23, art. 9; Charter, sec. 26, art. 3, pars. 1-14; R. S. 1909, sec. 6258; State v. Campbell, 206 Mo. 579; City v. Meyer, 185 Mo. 595; City v. Wortmann, 213 Mo. 142. The State, by appropriate enactment, has legislated upon the subject to be considered. R. S. 1909, sec. 4808. And the State itself has created the exceptions to the operations of the foregoing provision. R. S. 1909, sec. 4805. And this court has interpreted said section and exemption. State v. Campbell, 206 Mo. 579. In contemplation of law Sunday is simply a civil institution, and the power of the Legislature to authorize the sale of any commodity or even to compel the performance of labor on Sunday has been recently determined. State v. Railroad, 239 Mo. 196; State v. Campbell, 206 Mo. 579.

BROWN, J.—Writ of error by which plaintiff seeks to reverse the judgment of the St. Louis Court of Criminal Correction quashing an information filed by the city attorney, charging defendant with keeping open a grocery store and selling cured meats and pigs' feet on Sunday, the 13th day of November, 1910, after the hour of 9 o'clock in the forenoon of said day, contrary to the provisions of an ordinance of said city.

To obtain a proper understanding of the issues presented to the trial court we will insert in this opinion a copy of the ordinance which defendant is charged with having violated. It reads as follows:

"*An ordinance to regulate the hours of opening and closing of grocery stores upon Sunday, and to regulate the sale of groceries and other articles by grocery stores upon Sunday, and prescribing a penalty for the violation thereof.*

"Be it ordained by the Municipal Assembly of the City of St. Louis as follows:

"Section One. *Grocery—hours on Sunday—selling.* Any grocery store may be kept open on Sunday morning until nine o'clock a. m., for the sale of the articles hereinafter described: but no grocery keeper or grocer shall keep open or expose for sale or sell any article hereinafter described after nine o'clock a. m.

"Section Two. *Penalty for Keeping Open Store or Selling.* Any keeper of a grocery store or grocer who shall keep open said store or expose for sale or sell any article on Sunday after nine o'clock a. m., shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than twenty dollars and not more than one hundred dollars for each and every offense.

"Section Three. *Store Keepers Defined—Sale of Article Prohibited, When.* A grocery keeper or grocer within the meaning of this ordinance shall be defined to be any person, persons, co-partnership or corporation dealing in sugar, tea, coffee, country produce, garden products, canned goods, and the like; dried beef, hams, shoulders, sausages, smoked and cured meats of all kinds; or dealing in any other articles that are usually carried for sale in grocery stores.

"Section Four. *Owner and Agents Liable.* A keeper of a grocery store, within the meaning of this ordinance, shall be construed to include the agents and servants of such keeper as far as the penalties of this ordinance and its liabilities thereunto are concerned." [Rombauer's Revised Code of St. Louis (1912), p. 1113, secs. 2661-2663*a*.]

The information is as follows:

"City of St. Louis, Missouri, November 16th, A. D. 1910. Herman Bernard. To the City of St. Louis, Dr. To one hundred dollars, for the violation of an ordinance of said city, entitled 'An ordinance in revision of the general ordinances of the City of St.

Louis, being ordinance number 25024, sections 1, 2, 3, and 4, approved March 28th, 1910, in this, to-wit: In the city of St. Louis, the State of Missouri, on the 13th day of November, 1910, and on divers other days and times prior thereto, the said Herman Bernard did then and there, being a grocer and dealing in canned goods, sugar, smoked and cured meats, keep open his store after 9 a. m. on Sunday, the 13th day of November aforesaid, and did offer for sale and sell cured meats, and pigs' feet, contrary to the ordinance in such case made and provided.''

## OPINION.

I. In his motion to quash the information, and in his oral argument here, the defendant's learned attorney asserts that defendant ''is a delicatessen keeper, and not a grocery keeper within the meaning of the ordinance'' hereinbefore set out.

Delicatessen.

If defendant is not a grocery keeper or grocer within the purview of the ordinance above quoted, that fact, when proved by competent evidence, would have constituted a complete defense to the charge upon which he was arrested, but as no evidence is found in the bill of exceptions we cannot consider this assignment.

II. Defendant alleged in his motion to quash, and asserts on this appeal, that the ordinance under which he is prosecuted is void, because it is in conflict with sections 4804 and 4805, Revised Statutes 1909, the legal effect of which last named sections is to prohibit the sale of all ''goods, wares and merchandise'' on Sunday, except ''drugs or medicines, *provisions,* or other articles of immediate necessity,'' and that being in conflict with said last named sections of our statutes it violates section

Conflict of Laws.

23, article 9, of our State Constitution, section 9582, Revised Statutes 1909, and section 26, article 3, of the Scheme and Charter of St. Louis (p. 2484, R. S. 1899).

The design of said last named provisions of our Constitution, statutes and the Scheme and Charter of St. Louis is to prevent the enactment of city ordinances which are not in conformity with the general laws of the State.

The defendant's motion to quash designates several alleged reasons why the information is defective, but the trial court made no finding of facts and gave no declarations of law. Therefore, we are not fully informed on what ground the information of the city attorney was quashed. However, the attorneys for both plaintiff and defendant have, in their briefs, assumed that the information was quashed on account of the alleged conflict between the ordinance and said sections 4804 and 4805, Revised Statutes 1909; and we will treat that alleged conflict as the issue upon which the judgment of the court of criminal correction must be affirmed or reversed.

We think it is perfectly clear that the plaintiff city cannot by ordinance authorize the doing of any act which the general laws of the State have prohibited; and where the statutes of the State expressly restrict or limit the power of a city to legislate upon a given subject, such city cannot legally overstep the boundaries marked out for it by the General Assembly. Agreeable to these views it was held in the case of City of St. Louis v. Meyer, 185 Mo. 583, that St. Louis could not levy a peddler's license tax upon a farmer who sold the products of his farm in said city, for the reason that section 9516, Revised Statutes 1909, prohibits all incorporated cities in the State from levying any such tax.

A different issue arises in this case. Section 4805, Revised Statutes 1909, does not purport to au-

thorize the sale of·provisions, etc., on Sunday. It is simply a legislative announcement that the General Assembly has not by section 4804, supra, prohibited the sale of such articles on Sunday. Those sections of our statutes simply leave the right to sell "drugs or medicines, provisions or other articles of immediate necessity" where the right stood before any statute was enacted upon the subject of selling "goods, wares and merchandise" .on Sunday.

Finding the law in this condition the plaintiff city took up the proposition of the sale of provisions, such as the defendant is charged with selling. where the General Assembly left off, and by the ordinance now in judgment prohibited the keeping, open of grocery stores for the sale of provisions therein after the hour of 9 o'clock in the forenoon on Sundays.

In the very recent case of St. Louis v. Ameln, 235 Mo. 669, l. c. 686, this court In Banc announced the doctrine that in all cases where the State statutes are silent the city may speak through its ordinances. That rule applies here.

There is no resemblance of a conflict between sections 4804-5, Revised Statutes 1909, and the ordinance assailed, nor is there any evidence in the record or matter of judicial knowledge with the court whereby we would be justified in holding that the ordinance is so unreasonable as to be void as a mere capricious exercise of the police power of plaintiff city.

If the ordinance assailed works more injury than benefit to the defendant and other citizens of St. Louis, the remedy is at hand through the same legislative power which called the ordinance into being.

Almost the identical issue here presented was before this court in the case of City of St. Louis v. De-Lassus, 205 Mo. 578, wherein we upheld an ordinance of plaintiff city which prohibits the keepers of meat shops from opening the same and making sales therein after the hour of nine o'clock in the forenoon on

Sundays. In that case GANTT, J., speaking for this court, fully reviewed the Constitution, statute law and authorities, and it would be a waste of time and tend to fill our reports with needless quotations to attempt to add anything to what was written by that learned jurist on that occasion.

The case of State v. Campbell, 206 Mo. 579, cited and relied upon by defendant, simply holds that the State law does not prohibit the sale of lemons on Sunday. No attempt was made in that case to determine what the legislative body of a city can or cannot do in regard to restricting or prohibiting the sale of cured meats or pigs' feet on Sunday.

The judgment of the St. Louis Court of Criminal Correction will be reversed and the cause remanded. It is so ordered. All concur.