AARON ULLMAN, Appellant, v. WILLIAM RABINOWITZ, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

JACOB STEINMAN, Appellant, v. ISADORE B. LEVINE and ABRAHAM H. SPIEGEL-GASS, Respondents.— Motion to dismiss appeal denied, without costs. Kelly, P. J., Jaycox, Manning and Young, JJ., concur; Kapper, J., not voting.

JACOB STEINMAN, Appellant, v. ISADORE B. LEVINE, Respondent.— Motion to dismiss appeal denied, without costs. Kelly, P. J., Jaycox, Manning and Young, JJ., concur; Kapper, J., not voting.

BIDDLES, INC., and Another, Appellants, v. RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, Respondent. ATTORNEY-GENERAL OF THE STATE OF NEW YORK, Intervenor, Respondent.* — Judgment and orders unanimously affirmed, with costs. Considering the history of the legislation upon the question involved,† the reasons advanced as justifying the law preventing theft and protecting the public from fraud, and in view of other similar legislation now upon the statute books and the decisions of our courts upon this and kindred subjects, we are of opinion that the acts in question tend to protect the safety and welfare of the community, and are within the rule laid down by the Court of Appeals in *Ives* v. *South Buffalo R. Co.* (201 N. Y. 301). Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

MAX EDELSTEIN, Respondent, Appellant, v. MEYER FRANK and Another, Appellants, Respondents, Impleaded with Another, Defendant. (Appeal No. 1.) — Order affirmed, without costs. No opinion. Kelly, P. J., Jaycox, Manning and Young, JJ., concur; Kapper, J., not voting.

EMMA EDELSTEIN, Respondent, v. MEYER FRANK and Another, Appellants, Impleaded with Another, Defendant. (Appeal No. 2.) — Order reversed upon the law, with ten dollars costs and disbursements, and motion to dismiss complaint granted, with ten dollars costs, with leave to plaintiff, within ten days, to serve an amended complaint upon payment of costs. The complaint does not state facts sufficient to constitute a cause of action. To enable plaintiff to bring an action of this character, that is, a representative action, she must show that she is a stockholder at the time the action is instituted. (*Hanna* v. *Lyon*, 179 N. Y. 107, 110.) The complaint contains no allegation of present stock ownership. Kelly, P. J., Jaycox, Manning and Young, JJ., concur; Kapper, J., not voting.

In the Matter of the Application of JOHN H. MAHONEY, Respondent, for a Peremptory Order against THE CONSOLIDATED WATER COMPANY OF SUBURBAN

---

\* See Executive Law, § 68, as added by Laws of 1913, · chap. 442.—[REP.

† See Laws of 1918, chap. 179, amdg. Consolidation Act (Laws of 1882, chap. 410), § 1991.— [REP.