MERRITT S. CARLTON, Plaintiff, *v.* THE CITY OF WATERTOWN and Others, Defendants.

Supreme Court, Onondaga Special Term, December 6, 1924.

**Auctions — regulation of sales — application for temporary injunction in action to restrain city of Watertown from enforcing ordinance providing for keeping of salesbook at auctions conducted in said city — ordinance provided for maintenance of salesbook which must be signed by purchaser at auction at time of purchase and before any other article is exposed for sale — common council of city of Watertown, pursuant to Watertown city charter, § 43, had authority to enact ordinance — ordinance regulating auction sales at all hours neither arbitrary nor unreasonable — ordinance is constitutional and valid and does not contravene Personal Property Law, § 102 — testimony failed to show common council adopted ordinance through ulterior motive — temporary injunction denied.**

An ordinance enacted by the common council of the city of Watertown, pursuant to section 43 of the Watertown city charter, providing that " at any auction

conducted in the city of Watertown there shall be kept and maintained a salesbook which must be signed by the purchaser of each article at the time of the purchase and before any other article shall be exposed for sale," is constitutional and a valid exercise of the police power of the State to limit the right of the individual to sell his goods at auction and to regulate the conduct of such sales.

Accordingly, plaintiff's application for a temporary injunction, in an action to restrain the said city from enforcing the ordinance, will be denied, for the ordinance is neither arbitrary nor unreasonable, since it merely regulates auction sales within the city at all hours.

Nor does the ordinance contravene the provisions of section 102 of the Personal Property Law so as to warrant the granting of an injunction, since it does not prevent the withdrawal of the goods before the announcement is made by the auctioneer and provides that if the high bidder does not complete the purchase, the next high bidder may take the goods at his bid.

Moreover, the common council of the city of Watertown had authority to adopt the ordinance pursuant to section 43 of the Watertown city charter which gives to the council power to pass any ordinance not repugnant to the Constitution or the laws of the State for any local purpose relating to the preservation of order, health, safety and welfare of the city and its inhabitants.

There is no evidence to show that the common council passed the ordinance from any ulterior motive.

MOTION by plaintiff for a temporary injunction in an action to restrain the city of Watertown from enforcing an ordinance relating to keeping of a salesbook at auctions conducted in the city.

*Arthur L. Cohen,* for the plaintiff.

*Francis E. Cullen,* for the defendants.

EDGCOMB, J.:

Plaintiff is a resident of Watertown, and for several years has conducted a jewelry store in that city. He contemplates retiring from business, and is desirous of disposing of his stock, worth in the neighborhood of $200,000, at public auction, and with that end in view employed licensed auctioneers and advertised such sale to commence November 29, 1924. On November 24, 1924, the common council of the city of Watertown passed an amendment to the then existing ordinance relating to licenses and permits, which reads as follows: " At any auction conducted in the city of Watertown there shall be kept and maintained a salesbook which must be signed by the purchaser of each article at the time of the purchase and before any other article shall be exposed for sale. Failure to keep and maintain such salesbook shall be sufficient cause for the immediate revocation of the auctioneer's license. In the event that a sale has been declared to have been made but no purchaser comes forward and signs said salesbook, then the next highest bidder shall have the right to sign the said salesbook at

the bid originally made by such bidder and to demand and receive the article exposed for sale."

Plaintiff seriously objects to the restrictions imposed by this amendment, and challenges its validity. He brings this action to restrain the city authorities from enforcing the ordinance, and asks for a temporary injunction during the pendency of the action. He alleges in his complaint that he has been in business in Watertown for many years, and has established such a reputation that immense crowds flock to his auction sales, and that he cannot advantageously dispose of his stock unless he be permitted to place his goods on sale as rapidly as possible and as soon as the article previously offered for sale has been sold. He alleges that the provision of the ordinance referred to is in violation of the State and Federal Constitutions in that it deprives him of his legal right to conduct a lawful occupation.

It will be noted that, so far as the complaint is concerned, no objection is made to the ordinance except that portion which requires a salesbook to be kept and signed by the purchaser at the time of the purchase and before any other article is put up for sale, and that the only objection to such provision is that it is unconstitutional. There is no allegation in the complaint that the council was without power to enact the ordinance, or that in so doing that body was actuated by any improper motive, or that the provisions of the amendment are in conflict with those of any statute of the State.

Upon the argument, however, plaintiff was not satisfied to confine his opposition to this new law to the reasons alleged in his complaint, but extended his criticism to the other provision of the ordinance, and added to his grounds of attack upon the validity of the amendment as a whole three additional objections: (1) That the common council had no power to adopt any ordinance regulating the sale of goods at auction in a private place; (2) that the council was actuated by malice in passing the amendment; (3) that the ordinance is in direct contravention of the provisions of the Personal Property Law of this State.

For the moment I am inclined to overlook the fact that these objections are not covered by the allegations of the complaint, and examine all the grounds now suggested by the plaintiff as to why this ordinance should not be enforced.

Did the common council have the authority to pass this new ordinance? The power of a municipal corporation to regulate auction sales can be exercised only when such authority is vested in its legislative body by statute. Whatever power the common council had to direct or govern such sales is derived from the

Watertown city charter (Laws of 1897, chap. 760). Section 43 of that document gives to the common council power to pass any ordinance, not repugnant to the Constitution or laws of the State, for any local purpose pertaining to the preservation of order, health, safety and welfare of the city, and the inhabitants thereof, and more particularly gives to that body the power to enact ordinances for certain specified purposes, among others: " To regulate, tax or license pawnbrokers and auctioneers and the sale of goods at auction upon the streets or public places of the city." (Subd. 7.)

Plaintiff urges that this provision does not empower the council to pass any ordinance regulating a sale by auction, unless such sale be conducted on a street or in some public place within the municipality; that an individual can, therefore, legally exercise the right which belongs to him in the absence of lawful restriction and sell his property at auction in a private place without interference.

This contention cannot be upheld. The general provision of the section gives to the common council broad powers to pass any ordinance or resolution, not repugnant to the Constitution or laws of the State, for any local purpose pertaining to the preservation of order, peace, health, safety and welfare of the city and its inhabitants. The right to regulate the sale of goods upon the streets and in public places is a separate independent authority. If the amendment relates to and tends to safeguard the order, peace, health, safety and welfare of the inhabitants of Watertown, its adoption by the governing body of the city was authorized. Even if the language of the charter was confined to auctions upon the streets and public places, I think that it must be construed as broad enough to include such sales conducted in a store. The purpose of regulation and the evils to be avoided are the same whether the sale be conducted just inside a store or just outside on the street, and it is inconceivable that the Legislature intended to permit the council to regulate one and not the other. It is apparent, therefore, that the common council had authority to adopt this ordinance.

Plaintiff's second objection can be dismissed with the simple statement that there is no evidence to show that the council had any ulterior motive in passing this ordinance, or that it was actuated by any inducement other than promoting the best interests of the public.

This brings us to a discussion of the constitutionality of this act. It has long been the settled law of this State, from colonial times down to the present, that the State in the exercise of its police power has authority to limit the right of the individual to sell his goods at auction, and to regulate the conduct of such sales,

and that statutes and ordinances adopted for that purpose, unless unreasonable and arbitrary, are valid. (*People ex rel. Schwab v. Grant*, 126 N. Y. 473.)

The right to sell goods at public auction is not an absolute one, but rather is a special privilege which can be withheld unless certain reasonable regulations are complied with. The evils attendant upon auction sales and the opportunity of imposing upon and defrauding the public are too well known to require discussion here. It is a matter which long experience has taught should be regulated.

If the ordinance in question tends in some degree to prevent the evils and misdeeds so frequently connected with auction sales, and thus preserves and promotes public safety and welfare, it is constitutional and valid. (*Ives* v. *South Buffalo R. Co.*, 201 N. Y. 271.)

It is apparent that the ordinance does have a direct connection with public safety and welfare. Therefore, it must be held valid, unless it is an arbitrary, capricious and unreasonable attempt to invade the liberty or rights of the individual to conduct a lawful business.

The court is a judicial and not a legislative body. The duty of determining whether the measure in question is wise and for the best interest of the people is vested in the common council of Watertown and not in the Supreme Court. It may be a debatable question whether the evils sought to be remedied will be cured by this act, or whether the medicine is not too bitter and powerful a dose for the disease. Reasonable men might take opposite sides in such a debate. If so, the court cannot substitute its judgment for that of the law-making body. The court can step in only when it is clearly apparent that the law involved is unreasonable and capricious, and when that question is not fairly debatable. Can the ordinance in question be so construed?

Plaintiff relies largely upon the reasoning in *Robinson* v. *Wood* (119 Misc. 299). In that case Mr. Justice Rosch at Special Term held that a municipal ordinance which forbade auction sales after sundown was not a valid police regulation, and as such an ordinance affected the property rights of the plaintiff and its enforcement would work irreparable injury, and was clearly contrary to the Constitution, a court of equity had power to enjoin its enforcement during the pendency of the action.

While the *Robinson* case does not seem to have been appealed, yet the rule therein laid down has been disapproved in *Biddles, Inc.*, v. *Enright* (208 App. Div. 790) and *Alexander* v. *Enright* (211 id. 146). There are also contrary decisions of the lower

courts. (See *City of Buffalo* v. *Marion*, 13 Misc. 639; *City of Utica* v. *Kahn*, a decision of Mr. Justice DEANGELIS, at Special Term, November 30, 1915, and never reported.)

If it is not unreasonable to prohibit a sale by auction within certain specified hours and such regulation is well within the police power, then certainly an ordinance regulating such sales during all hours must be held reasonable and within the police power of the State.

I think it cannot be said that this amendment is unreasonable or arbitrary in a legal sense. It may be that it should never have been enacted. That can be said of many laws. If so, this is an argument which should be addressed to the common council in an effort to bring about the repeal or modification of the ordinance, and not to the court.

This brings us to the fourth and last objection of the plaintiff that the ordinance is in direct contravention of the provisions of section 102 of the Personal Property Law. That section provides that a sale by auction is complete when the auctioneer announces its completion in the customary manner, and that until such announcement is made any bidder may retract his bid, and the auctioneer may withdraw the goods from sale unless the auction has been announced to be without reserve. This objection goes not to the keeping of the salesbook but to the provision which gives the second highest bidder the right to take the goods at his bid and to sign the salesbook, provided the one to whom the article was struck off does not come forward and sign the book. This privilege is optional with the next highest bidder; he may retract his bid, if he so desires. But plaintiff says that if such bidder did come forward and claim his rights the auctioneer would be powerless to withdraw the goods from sale. The ordinance does not prevent the withdrawal of the goods before the announcement is made. It provides that if the high bidder does not complete the purchase, the next high bidder may step in and take the goods at his bid. There is no reannouncing the sale. Even if it should be held that there was this conflict between the provisions of the ordinance and the Personal Property Law, it is so trivial and insignificant and would arise so infrequently that it would not warrant the court in granting an injunction restraining the authorities from enforcing the ordinance.

It follows, therefore, that the application for a temporary injunction should be denied, with ten dollars costs.