JOSEPH WAGMAN, PROSECUTOR, v. THE CITY OF TRENTON ET AL., RESPONDENTS.

Submitted January 30, 1926—Decided July 13, 1926.

1. Chapter 152 of *Pamph. L.* 1917, *p.* 319, known as the "Home Rule act," by subsection (b) of section 1 of article 15, and by section 2 of article 14, confers upon municipalities power to enact ordinances regulating auctions and auctioneers to the extent that such regulation is not unreasonable.
2. The ordinance of the city of Trenton prohibiting any person, firm or corporation from selling jewelry at public auction between the hours of six o'clock in the evening and eight o'clock the following morning is not unreasonable as arbitrary or discriminatory, but is a legitimate exercise of the police power.

---

On *certiorari,* &c.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *John H. Kafes* and *Henry M. Hartmann.*

For the respondents, *Charles E. Bird* and *W. Holt Apgar.*

The opinion of the court was delivered by

TRENCHARD, J. This writ brings up for review the conviction of the prosecutor by the police justice of the city of Trenton for selling jewelry at public auction between the

hours of six o'clock in the evening and eight o'clock the following morning, in violation of an ordinance of the city prohibiting such sales at such times by any person, firm or corporation.

The prosecutor first contends that "the city had no power to pass the ordinance."

We think that it had. The power to pass ordinances regulating auctioneers was expressly conferred upon the municipality by subsection (b) of section 1 of article 15 of chapter 152 of the laws of 1917, page 358 (the Home Rule act), and again by implication by section 2 (general welfare clause) of article 14, page 357, of the same act, which empowers municipalities to pass ordinances for the protection of "persons and property, and for the preservation of the public health, safety and prosperity of the municipality and its inhabitants." Thereunder the city has power to pass ordinances regulating auctions and auctioneers to the extent that such regulation is not unreasonable. *Schwab* v. *Grant,* *126 N. Y.* 473; *Gaither* v. *Jackson,* *128 Atl. Rep.* 769; *Carlton* v. *Watertown,* 124 *N. Y. Mis. R.* 244; 207 *N. Y. Supp.* 339; *Minneota* v. *Martin* (*Minn.*), 145 *N. W. Rep.* 383; *Biddles* v. *Enright,* 239 *N. Y.* 354.

The prosecutor further contends, however, that "the ordinance [in question] is arbitrary and therefore unreasonable." His argument is that the regulation is arbitrary and therefore unreasonable because of the restriction as to the time of sales.

But we think this contention is unsound. The regulation or restraint in respect to the hours within which public auction sales of jewelry may be made, we think may fairly be said to be known by experience to be a necessary regulation and restraint, as the governing body of the city may be presumed to have thought.

Where, as here, the subject-matter of the ordinance is within the police power of the city and the ordinance is adopted by the proper legislative body of the city, the presumption is (until the contrary be shown) that the ordinance is reasonable. The question of reasonableness is a question

of fact, and the burden of proof is upon the prosecutor who attacks the ordinance to show its unreasonableness. The court should not interfere unless it is shown that the ordinance, either upon the face of its provisions or by reason of its operation in the circumstances under which it is to take effect, is unreasonable or oppressive. *Falco* v. *Atlantic City,* 99 *N. J. L.* 19; *North Jersey Street Railway Co.* v. *Jersey City,* 75 *Id.* 349. Here, there is no such showing. Under this head the sole contention is that upon the face of the provision it appears to be unreasonable. But we think that is not so.

In *Buffalo* v. *Marion,* 34 *N. Y. Supp.* 945, an ordinance of the city which prohibited "the sale of watches at auction after six o'clock in the evening" was held to be valid.

In *Biddles* v. *Enright,* 239 *N. Y.* 354, it was held that a statute regulating auctioneers and auctions by prohibiting the auctioneering of jewelry in the night time is a valid exercise of the police power to protect the public from fraud by the use of artificial lights at night, and to prevent the gathering of crowds of strangers at night where jewelry is being displayed and carried away by customers liable to be held up and robbed.

Our conclusion is that the ordinance in question is not unreasonable in the respect mentioned.

But the prosecutor further contends that "the ordinance is discriminatory," and, therefore, invalid. His argument under this head is that it is discriminatory because it restricts auction sales of jewelry and not sales of merchandise by auction generally. We think that the contention is ill-founded in law.

In *Roanoke* v. *Fisher* (*Va.*), 119 *S. E. Rep.* 259, the city ordinance based on power conferred by the general welfare clause regulated auction sales substantially in the same manner as the ordinance here. There the ordinance provided that no person conducting the business of selling jewelry at public auction shall conduct such business between the hours of six P. M. and eight A. M. The ordinance was held to be valid, the court, in the course of the opinion, saying: "It is

also well settled that such *an ordinance does not deny the aforesaid equal protection of the laws, so as to become unreasonable, merely because it applies to a particular business therein named.* A reasonable classification is permitted by which a particular business may be singled out and regulated by the ordinance from a general class of businesses which may be alike in general, the remainder of which being left unregulated, *provided the discrimination is made upon some reasonable basis,* and the latitude allowed in the exercise of such discretionary power of classification is very great." And the court further said: *"We are of opinion that, in singling out the sales in question and forbidding them between the hours named, while not forbidding other auction sales, or sales of the same articles by those conducting the usual business of jewelers or other merchants, such discrimination in the ordinance in question was made upon a reasonable basis.* While it is true, no doubt, that frauds may occur in sales made of such articles, otherwise than at auction during the hours in question * * * it is indeed, as we think, a matter of common knowledge, that frauds, and more especially irreparable injury to the public, are more likely to occur in auction sales of such articles after the usual hours of business and by artificial light than in the case of other sales of the same character of goods. *This situation furnished a reasonable basis for the discrimination contained in the ordinance. And, since the ordinance is applicable alike to all who may conduct the business of making the forbidden sales within the territorial limits of the city, we are of opinion,* under the settled principles of law above referred to, *that the ordinance is valid."*

Undoubtedly, the rule is that if there is a reasonable basis for the classification, and if all in the particular class are treated alike, the ordinance cannot be said to be invalid as discriminatory (*Falco* v. *Atlantic City, supra; Kolb* v. *Boonton,* 64 *N. J. L.* 163), and that is the case with respect to the ordinance now in question. We, therefore, think that the ordinance cannot be said to be invalid as discriminatory.

Upon the whole, for the reasons herein expressed, we consider the ordinance to be a legitimate exercise of the police power.

The conviction under review will be affirmed, with costs.