CLYDE JONES, Appellant, v. ALBERT WALKER.—No. 40399.—209 S. W. (2d) 147.

Division Two, March 8, 1948.

*Von Mayes* for appellant.

*Ward and Reeves* for respondent.

[147] TIPTON, J.—The appellant filed this action in the circuit court of Pemiscot County, Missouri, whereby he sought to enjoin the respondent as marshal of the city of Caruthersville, Missouri, from enforcing section 6 of an ordinance enacted by that city November 12, 1946, for the reason that it is invalid. This section prohibits any person engaged in the taxicab business from stopping or standing more than five minutes, except in emergencies, on certain streets in the congested district of that city. The trial court [148] held the ordinance valid and dismissed appellant's petition.

The appellant contends that section 6 of the ordinance is a special law and therefore violates section 40, article III of our 1945 Constitution. That section prohibits the enactment of a special law. "Where a general law can be made applicable, and whether a general law could have been made applicable is a judicial question to be judicially determined without regard to any legislative assertion on that subject." He contends that the ordinance prohibiting the stopping of taxicabs for more than five minutes on certain streets in Caruthersville, while other vehicles for hire as well as private vehicles of the same type and size are permitted to stop on these streets indefinitely, makes this section a special law and therefore void.

This constitutional provision applies to city ordinances as well as to laws enacted by the Legislature. City of Springfield v. Smith, 322 Mo. 1129, 19 S. W. 2d 1; Ex parte Lockhart, 350 Mo. 1220, 171 S. W. 2d 660.

If an ordinance includes all who are similarly situated and there is a reasonable basis for the classification, the ordinance is not a special law that violates the above constitutional section. State ex inf. Barrett, Atty. Gen., ex rel. Bradshaw v. Hedrick, 294 Mo. 21, 241 S. W. 402; City of Springfield v. Smith, supra; Ex parte Lockhart, supra.

With these principles of law in mind, we will examine this section of the ordinance and determine whether it applies to all who are similarly situated and also if there is any reasonable basis for its classification. This ordinance applies to all taxicabs operated in the city of Caruthersville but it does not apply to busses that go to and from that city to other cities, trucks for hire or private automobiles. Since it does apply to all taxicabs that operate within the city, it applies to all who are similarly situated.

On the question of the reasonableness of the ordinance, the record shows that the appellant and other operators of taxicabs had

established their stands and places of business on some of the most heavily traveled and congested streets in the business section of the city; that these operators solicited business on these streets and adjacent sidewalks; that their business telephones were on the telephone poles on these streets; that they monopolized the parking spaces; and that appellant wants to continue these practices. The traffic congestion and lack of parking space had become so acute in the business section that the city acquired and hard-surfaced a free parking lot a short distance from the main street of the city. There was no evidence that other vehicles for hire were using these streets to conduct their businesses.

Streets "exist primarily for the purpose of travel and transportation, and parking thereon for any extended period is a privilege. 40 C. J. S., Highways, sec. 233, p. 244. In 1812, it was stated in Rex v. Cross, 3 Campbell, 224, a case involving the parking of stage coaches on a street, that: 'No one can make a stable-yard of the King's highway.' The highways are subject to reasonable regulation and supervision by the State in the exercise of its police power. . . . The State may delegate this power." State ex rel. Audrain County v. City of Mexico, 355 Mo. 612, 197 S. W. 2d 301, l. c. 302-303.

We hold that there is a reasonable basis for this classification between taxicabs and other vehicles that use the streets in the city of Caruthersville, and the section of the ordinance in question does not violate the above mentioned constitutional section.

Appellant also contends that the state has not delegated to the city of Caruthersville, a third class city, the power to regulate taxicabs with reference to the parking of the same. With this we do not agree. Laws of 1943, pages 659-661, amending Section 8395, R. S. 1939, gives cities of the third class specific authority to, "by ordinance, make additional rules of the road or traffic regulations to meet their needs and traffic conditions; . . . regulate the parking of vehicles on streets by the installation of parking meters for limiting the time of parking and exacting a fee therefor or by the adoption of any other regulatory method that is reasonable and practical . . . "

[149] Section 6986, R. S. Mo. 1939, also gives cities of the third class power and authority "to levy and collect a license tax and regulate . . . taxicabs . . . "

Therefore, under these sections the city of Caruthersville has the power to use any regulatory method in regard to parking that is reasonable and practical, and we cannot say that a limit of five minutes for parking of taxicabs on the congested streets of the city is unreasonable.

It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.